[No. 36252.   Department One.   January 24, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES EARL BROWDER, *Appellant*.*

*Daniel J. Riviera*, for appellant.

*Charles O. Carroll* and *James E. Kennedy*, for respondent.

James Earl Browder appeals from a judgment of conviction on multiple counts of forgery.

Appellant freely admitted at the trial, and in written briefs here, that he signed the name of Byron D. Hunt to checks on Hunt's bank account, but insisted that Hunt

*Reported in 378 P. (2d) 295.

had authorized him so to do.[1] This Hunt emphatically denied. Hunt testified, however, that he had lost both his wallet and checkbook.

The court instructed:

"You are instructed that the adoption of another name or an assumed name is permissible if the purpose involved is an honest one. The burden is upon the defendant to show that he adopted the name for an honest purpose, or that he had used it for any length of time, or for a purpose other than to perpetrate the crime of forgery as charged in this case."

To this instruction, the appellant's then counsel, but not his court-appointed counsel on appeal, took the following exception:

"Defendant excepts to Court's Instruction No. 7½ on the ground that it constitutes a comment upon the evidence and assumes the existence of a fact which is in dispute, the question of whether or not the defendant ever adopted the name of another. We feel this will be highly prejudicial to the jury and is therefore improper."

Here, the appellant assigns error to the quoted instruction as a comment on the evidence and as an improper statement of the burden of proof.

The exception to the instruction did not direct the trial court's attention to any contention that there was an improper statement of the burden of proof; neither was such claim made at any time during the trial or on the motion for a new trial. Under such circumstances, we cannot consider the defendant's assignment of error seeking to raise that issue. *Miller v. Staton* (1961), 58 Wn. (2d) 879, 365 P. (2d) 333; *Owens v. Anderson* (1961), 58 Wn. (2d) 448, 364 P. (2d) 14; *State v. Cogswell* (1959), 54 Wn. (2d) 240, 339 P. (2d) 465; *Patterson v. Krogh* (1957), 51 Wn. (2d) 73, 316 P. (2d) 103; *Peerless Food Products Co. v. Barrows* (1957), 49 Wn. (2d) 879, 307 P. (2d) 882;

[1] ". . . Here the defendant admitted the execution of the checks. He admitted he cashed them. But he claimed he had been authorized by the real owner of the account to do so. To this position he clung steadfastly through the trial. . . ."

and *State v. Lyskoski* (1955), 47 Wn. (2d) 102, 287 P. (2d) 114.

The appellant makes a two-pronged suggestion that the quoted instruction violated Art. 4, § 16,[2] of the state constitution: *i.e.*, that it was an evidentiary comment, and that it assumed a fact in dispute.

The appellant, both at the trial and here, freely admitted using an assumed name in the execution of the checks and in cashing them.

Our oft repeated interpretation of Art. 4, § 16, of the state constitution is that the assumption of admitted facts is not a comment on the evidence. *State v. Cogswell, supra; State v. Phillips* (1953), 42 Wn. (2d) 137, 253 P. (2d) 919; *State v. Warwick* (1919), 105 Wash. 634, 178 Pac. 977; and *State v. Belknap* (1906), 44 Wash. 605, 87 Pac. 934.

The second phase of the appellant's argument relative to the constitutional provision is that the trial court, by imposing the burden of proof on the appellant to show that he had the authority to sign the name of another, by inference told the jury that the state had proved all the elements of the crime.

Assuming, without deciding, that the court did improperly assign the burden of proof, we still cannot agree that there has been a comment on the evidence. This court has consistently held that, to be a comment on the evidence within Art. 4, § 16, of our state constitution, the jury must be able to infer from what the court said or did not say that he personally believed or disbelieved the testimony in question. *State v. Reed* (1960), 56 Wn. (2d) 668, 354 P. (2d) 935; *State v. Myers* (1959), 53 Wn. (2d) 446, 334 P. (2d) 536; *State v. Rio* (1951), 38 Wn. (2d) 446, 230 P. (2d) 308; *State v. Clayton* (1949), 32 Wn. (2d) 571, 202 P. (2d) 922; *State v. Hart* (1946), 26 Wn. (2d) 776, 175 P. (2d) 944; and *State v. Brown* (1943), 19 Wn. (2d) 195, 142 P. (2d) 257. We do not believe that a jury of lay-

---

[2] "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." Art. 4, § 16, Washington State Constitution.

men could infer from this instruction any belief or disbelief of testimony on the part of the court.

■ Appellant also claims error in the refusal of the trial court to grant his request for a free complete statement of facts. The trial court did certify a statement of facts which contains all of the record in the trial court necessary to review all of the claimed trial errors suggested by the appellant. The record discloses that the trial court, in passing upon this request, exercised the utmost good faith and fully conformed to the requirements of the equal protection of the fourteenth amendment to the federal constitution. The court definitely had in mind *Griffin v. Illinois* (1956), 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. (2d) 1055; *Eskridge v. Washington State Board of Prison Terms & Paroles* (1958), 357 U. S. 214, 2 L. Ed. (2d) 1269, 78 S. Ct. 1061; and *In re Woods v. Rhay* (1959), 54 Wn. (2d) 36, 338 P. (2d) 332. The appellant does not argue that the trial court misconceived the effect of the decided cases, but, on the contrary, claims that, if he had a complete stenographic record of the trial certified in a statement of facts, he might possibly find some additional error. No such burden is placed upon the state. The procedure set forth in *In re Woods v. Rhay, supra,* is fair and does not deny any defendant equal protection of the law. No attempt was made to review by certiorari the failure of the trial court to grant a free, full, stenographic record, such review being authorized by that case.

The judgment is affirmed.

HILL, FINLEY, WEAVER, and ROSELLINI, JJ.—This opinion was prepared by the late Judge Harry Ellsworth Foster. With some changes as to form, it is adopted by the other judges of Department One as the opinion of the Court.

---

February 19, 1963. Petition for rehearing denied.