[No. 452-2.    Division Two.    December 10, 1971.]

THE CITY OF OLYMPIA, *Respondent,* v. CAREN SPROUT, *Appellant.*

*Malcolm L. Edwards,* for appellant.

*Ernest L. Meyer,* for respondent.

PETRIE, C.J.—Defendant was found guilty by jury verdict of violating an ordinance of the City of Olympia defining the crime of driving while under the influence of or affected by the use of intoxicating liquor.

By her first assignment of error, the defendant contends that a police officer's testimony as to the result of a breathalyzer test was inadmissible because there had been no proof that the test had been performed according to methods approved by the state toxicologist. The approved method of administering a breathalyzer test is embodied in WAC 448-12-020. The trial court may take judicial notice thereof. RCW 34.04.050. The 11-step procedures are pre-

cisely the same as those set forth on the "Breathalyzer Report Sheet" (exhibit 2) and individually checked off by the officer who administered the test to Mrs. Sprout at 1:59 a.m. on January 2, 1970. The officer testified that he followed each and every direction on the report sheet and that the result of the test showed a 0.12 per cent of blood alcohol by weight. There is no merit to this contention.

By her second assignment of error, defendant contends the trial court committed prejudicial error by refusing to instruct the jury as to the meaning of the presumption flowing from a breathalyzer reading in excess of 0.10 per cent in accordance with defendant's proposed instruction. That instruction proposed as follows:

> You are instructed that where certain facts have been proved, the law attaches a presumption of other facts, placing upon the party against whom the presumption arises the duty of producing rebutting evidence. One of the issues in this case is whether the defendant was under the influence of intoxicating liquor. Where there is 0.10 percent or more by weight of alcohol in the defendant's blood, it is presumed that he was under the influence of intoxicating liquor. *Such presumption remains in the case until it is overcome by credible evidence to the contrary.*

(Italics ours.)

It has been definitively determined that the italicized portion of that proposed instruction is an incorrect statement of the law. *State v. Person,* 56 Wn.2d 283, 352 P.2d 189, 81 A.L.R.2d 1088 (1960); *State v. Thomas,* 58 Wn.2d 746, 364 P.2d 930 (1961). The trial court is not required to give an instruction which is erroneous in any respect. *Adams v. State,* 71 Wn.2d 414, 429 P.2d 109 (1967). Ironically, however, defendant was entitled to a more favorable instruction, had such an instruction been proposed. *State v. Person, supra; State v. Thomas, supra.*

In order to appreciate defendant's overall contention regarding this assignment of error it is necessary to allude to three other instructions given by the court and to which no

exceptions were taken by the defendant. By instruction 5,[1] the court advised the jury that an ordinance of the City of Olympia made it unlawful for any person to drive a motor vehicle while under the influence of intoxicating liquor. By instruction 6,[2] the trial court advised the jury that another ordinance of the City of Olympia (in precisely the same language of Initiative 242, RCW 46.61.506) established that the amount of alcohol in a person's blood gave rise to certain presumptions, including

(c) If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, *it shall be presumed that he was under the influence of intoxicating liquor.*

(Italics ours.)

█ █ The net effect of instructions 5 and 6 was that if

[1]"You are instructed that the Ordinance of the City of Olympia insofar as this case is concerned provides as follows:

"It is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor to drive or be in actual physical control of a vehicle within the city."

[2]"You are instructed that the Ordinance of the City of Olympia provides that upon the trial of a person alleged to have been driving while under the influence of intoxicating liquor,

"the amount of alcohol in a person's blood at the time alleged as shown by chemical analysis of his blood, breath or other bodily substance shall give rise to the following presumptions:

"(a) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that he was not under the influence of intoxicating liquor;

"(b) If there was at that time in excess of 0.05 percent but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicating liquor;

"(c) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, *it shall be presumed that he was under the influence of intoxicating liquor;*

"(d) Percent by weight of alcohol in the blood shall be based upon the milligrams of alcohol per one hundred cubic centimeters of blood;

"(e) The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether the person was under the influence of intoxicating liquor." (Italics ours.)

the jury believed the totally uncontroverted fact that the blood alcohol reading on the breathalyzer recorded 0.12 per cent, in the absence of any instruction explaining the meaning of a statutory factual presumption, they were directed and not merely permitted to find the defendant guilty of the unlawful act. The limited nature of a statutory factual presumption was not made clear to the jury as required in *Person* and *Thomas*. Thus, the jury was not made aware that the presumption was not binding upon them nor that they were not obligated to attach any weight to it. Under such circumstances, the instructions invaded the constitutional rights of the accused to a jury trial and it would not even have been necessary to have called the court's attention to the error. *State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968). However, in the case at bar, we believe the attention of the court was clearly directed to the fatal defect occasioned by the failure to instruct as to the meaning of a presumption, even though such defect was called to the court's attention while counsel for defendant was taking exception to the court's refusal to give defendant's proposed erroneously worded instruction.

We are mindful that under certain circumstances, an otherwise defective statute might be considered proper because of the corrective force of elements "clearly implicit in the statutory phrasing." *State v. Robinson,* 78 Wn.2d 479, 475 P.2d 560 (1970). However, in this instance we do not find such salvific implication in the statute nor in the instructions. It is not sufficient to refer to the court's instruction 10[3] explaining the presumption of innocence. Such in-

---

[3]"You are instructed that the law raises no presumption against the defendant but the presumption of the law is in favor of her innocence and in order to convict the defendant of the crime alleged in the written charge or complaint, every material and necessary element to constitute such crime must be proved beyond a reasonable doubt; and if the jury entertains any reasonable doubt upon any single essential fact or element necessary thereto, it is your duty to give the benefit of such doubt to defendant and acquit her. This presumption of innocence is not a matter of form merely, which the jury may disregard at pleasure, but is a part of the law of the land, and it is a right guaranteed by that law to every person accused of crime; and this

struction does not adequately advise the jury what it is entitled to know, that it is permitted to give to the statutory presumption only such weight as to the jury seems warranted.

Judgment reversed and remanded for new trial.

PEARSON and ARMSTRONG, JJ., concur.

presumption continues with the defendant throughout all the stages of the trial until the case has been finally submitted to the jury and the jury has found that this presumption has been overcome by the evidence in the case convincing you beyond a reasonable doubt."