[No. 2789-2.   Division Two.   October 17, 1978.]

JOHN R. VANWAGENEN, ET AL, *Respondents*, v. ROBERT
E. ROY, ET AL, *Appellants*.

*Michael Manza* and *Manza, Moceri, Gustafson & Messina,* for appellants.

*John Kennedy,* for respondents.

PETRIE, J.—Following a bench trial in a two–car collision case, the court concluded that both drivers' negligent actions proximately caused the injuries which they sustained. The court entered judgment based upon its determination of the comparative contribution of each driver's negligence. Defendants' appeal accepts the trial court's

findings of fact and challenges only its conclusion of law that Mrs. Roy, the driver of defendants' vehicle, as a "following driver," negligently operated the vehicle. We reverse and direct entry of judgment in favor of defendants in the full amount of their damages as found by the trial court.

The essential findings of the court are:

3.

That on or about the 10th day of December, 1974, the plaintiff Judy Ann Vanwagenen was operating her vehicle within the lawful speed limit on a rainy day on Mullen Street in Tacoma, Pierce County, Washington. The plaintiff driver was aware of the defendant driver behind her and as she approached the home of a friend she decided to park in her friend's driveway. The home and the driveway were on the opposite side of the street from the lane in which she was properly traveling. In order to get around a truck and camper parked at the curve near the driveway and to enter the residential driveway at a favorable angle, the plaintiff driver slowed her vehicle almost to a stop and proceeded to the right edge of the street prior to making her perpendicular turn. The plaintiff driver did not signal a turn, either mechically [sic] or manually.

4.

The defendant driver, Gail Ann Roy, intended to go around the plaintiff vehicle and for this purpose she moved near the center of the roadway. The plaintiff vehicle commenced its turn, being struck in the side by the defendant vehicle, who attempted to swerve to the left an instant before impact but a collision resulted.

In an effort to ferret out the trial court's thought processes, we note the memorandum decision declares:

The preponderance of the evidence indicates that the plaintiff spouse was operating her vehicle within the lawful speed limit on a rainy day. She was on a typical 36–foot wide residential street, with no center line. Her destination was her friend and hairdresser who resides in a home on a corner lot on a residential street. The plaintiff driver was aware of the defendant driver behind her. As she approached her friend's home, she decided to park in her driveway. The home and the driveway were on the opposite side of the street from the lane in which she was

properly traveling. In order to get around a truck and camper parked at the curb near the driveway and to enter the residential driveway at a favorable angle, plaintiff driver slowed her vehicle almost to a stop and proceeded to the right edge of the street prior to making her perpendicular turn. Even though aware of the defendant driver behind her, the preponderance of the evidence indicates that she did not signal a turn, either mechanically or manually. The defendant driver, assuming by reason of the speed and maneuver of the plaintiff driver, together with the lack of signal that plaintiff driver was going to stop and park along the right–hand curb, intended to go around the plaintiff vehicle. For this purpose she moved near the center of the roadway. The plaintiff vehicle commenced its turn, being struck in the side by the defendant vehicle, who attempted to swerve to the left an instant before impact, but to no avail.

Additionally, we note the photographic exhibits in the record indicate that the right front bumper, headlight, and fender of the Roy vehicle collided with the left door and rear portions of the left front fender of the Vanwagenen vehicle, with the obvious point of impact immediately behind the leading edge of the door. The trial court found damage to each vehicle in the relatively minor amounts of $300 and $350.

From these facts, the trial court concluded:

1.

That the primary duty to avoid the accident in question was upon the following driver defendant Gail Ann Roy. That *the situation* with which the defendant driver was confronted *did not constitute such an unforeseen and emergent type of situation* as to excuse the defendant driver's primary responsibility as the following driver.

(Italics ours.)

For purposes of this appeal, we will accept the trial court's determination to apply the "following car" doctrine even though this is not a typical following car case. *See, Roumel v. Fude,* 62 Wn.2d 397, 383 P.2d 283 (1963). However, we find a basic error lies in the trial court's conclusion

that Mrs. Roy was not confronted with "an unforeseen and emergent type situation."

■ We start with the well established rule of law, in this jurisdiction, that in the absence of an emergency or unusual condition, the following driver is prima facie negligent if he runs into the car ahead. *Miller v. Cody,* 41 Wn.2d 775, 252 P.2d 303 (1953); *Spokane v. Vaux,* 83 Wn.2d 126, 516 P.2d 209 (1973); *Vanderhoff v. Fitzgerald,* 72 Wn.2d 103, 431 P.2d 969 (1967). When it can be said, as a matter of law, that no emergency or unusual condition existed, and the following car collides with the forward vehicle, the following car's negligence is not based upon the necessity to find, as a fact, some affirmative act of negligence on his part. *Felder v. Tacoma,* 68 Wn.2d 726, 415 P.2d 496 (1966). Contrariwise, when the forward car's action is not reasonably anticipated, such as a sudden stop at a place where none is to be anticipated, then the trier of fact must find an affirmative act of negligence by the following driver before he can be called negligent even though he collided with the forward vehicle. *James v. Niebuhr,* 63 Wn.2d 800, 389 P.2d 287 (1964).

In the case at bench, the trial court made no finding of any affirmative act of negligence by Mrs. Roy. Indeed, the findings and memorandum opinion appear to negate any driving deficiencies by Mrs. Roy. The court simply concluded that she was not confronted with any emergency or unusual condition. The facts and circumstances dictate otherwise. Mrs. Vanwagenen slowed almost to a stop in an unmarked roadway whose width allows for four lanes of traffic; she proceeded to the right edge of the street prior to making a left turn; she did not signal a right or left turn, even though she was aware of the presence of Mrs. Roy's vehicle to her rear; and then, nevertheless, made a left turn intending to enter a private driveway, not at a street intersection. During this period, Mrs. Roy, observing the forward vehicle moving to the right and slowing almost to a stop, moved near the center of the road in an attempt to

pass Mrs. Vanwagenen's vehicle. There is no indication that Mrs. Roy was speeding, following too close, or inattentive.

We hold that Mrs. Roy was confronted with an emergency or unusual condition not of her own making. To hold otherwise under these uncontested facts would impose an unreasonable burden upon a following driver. He would, at his peril, have to assume that the driver of a lead car who is aware of his presence and who, without signaling, moves from the normal lane of traffic, slows, and proceeds to the right curb, will, nevertheless, suddenly (and again without signaling) change direction and return into and across the normal lane of traffic. If that activity is categorized as neither unusual nor emergent—and the vehicles collide—the following driver would have the burden of overcoming a determination that he was prima facie negligent. We believe that would impose an unreasonable burden upon him.

Accordingly, we hold that, in the absence of any finding of a specific fact of negligence by Mrs. Roy, she did not breach any duty owed to Mrs. Vanwagenen. *Peterson v. Mayham,* 10 Wn.2d 111, 116 P.2d 259 (1941).

We note that the trial court made findings of fact as to all material issues. However, those findings, even as clarified and embellished by a memorandum opinion, do not support the trial court's conclusion of law.

Judgment reversed with direction to deny damages to plaintiffs and to award damages to defendants in the full amount thereof as heretofore found by the trial court.

REED, A.C.J., concurs.

ANDERSEN, J. (dissenting)—The trial court was the trier of the fact. Negligence and proximate cause are ordinarily questions of fact. Following a several-day trial, the trial court decided that in the automobile collision involved herein, the preceding driver was 30 percent negligent and the following driver was 70 percent negligent. That decision was in conformity with the State Supreme Court's decision

in *Graham v. Roderick,* 32 Wn.2d 427, 202 P.2d 253, 6 A.L.R.2d 1237 (1949), wherein both drivers were held negligent as a matter of law in a case involving this same kind of an accident.

In its memorandum decision in this case, the trial court dwelled primarily on the details of the preceding driver's negligence. This is understandable in view of the established principle that the primary duty of avoiding a collision rests with the following driver. *Miller v. Cody,* 41 Wn.2d 775, 778, 252 P.2d 303 (1953).

The findings of fact conformed to the memorandum decision but did not expand on it so as to spell out the ultimate facts on which the issue of the following driver's negligence was decided. Since no transcript of the testimony at trial has been brought to this court as a part of the appellate record, we have no way of knowing whether the following driver may have failed to keep a proper lookout or may have been following too closely, driving too fast for existing conditions or committing any of the other errors of omission or commission which can constitute negligence on the part of a following driver.

The manner in which the issue of the following driver's negligence was decided should appear in the findings of fact so that it can be reviewed. *George E. Miller Lumber Co. v. Holden,* 45 Wn.2d 237, 245, 273 P.2d 786 (1954). Since it did not, in a case such as this the proper disposition is to remand to the trial court for the entry of additional findings as was done in the case of *Gnash v. Saari,* 44 Wn.2d 312, 319, 267 P.2d 674 (1954). *Accord, Hatahley v. United States,* 351 U.S. 173, 182, 100 L. Ed. 1065, 76 S. Ct. 745 (1956); *Wold v. Wold,* 7 Wn. App. 872, 876–78, 503 P.2d 118 (1972); *In re Woods,* 20 Wn. App. 515, 516–17, 581 P.2d 587 (1978).

Since the majority opinion changes the trial court's decision on the issue of negligence by allocating 100 percent of the negligence to the preceding driver and none to the following driver, rather than remanding the case to the trier of

fact for additional findings to clarify the matter, I respectfully dissent.

Reconsideration denied November 7, 1978.

Appealed to Supreme Court November 21, 1978.