[No. 7142–4–I.   Division One.   May 5, 1980.]

LOVETTE GRACE ENSLOW, ET AL, *Appellants,* v. PETER H. HELMCKE, ET AL, *Respondents.*

*William M. Pease* and *Pease, Doces & Lewicke,* for appellants.

*H. Scott Holte* and *Anderson, Hunter, Dewell, Baker & Collins,* for respondents.

CALLOW, C.J.—This is a personal injury action initiated by the Enslows for damages arising out of an automobile collision. We affirm.

The accident resulting in this litigation occurred at approximately 9:50 a.m. on June 7, 1977, near the intersection of State Highway 101, a 2–lane highway, and the entrance to Sequim Bay State Park, 4.1 miles east of Sequim. Defendant Helmcke was proceeding northwest-bound on Highway 101 with his ultimate destination the state park. Plaintiffs' vehicle, driven by Grace Enslow, was following several car lengths behind the Helmcke vehicle. This intersection has one through lane each for northwest- and southeast–bound traffic, with a wide center divider set off by painted lines. There is also a "right turn only" lane for entry into the park by northwest–bound vehicles.

Under the mistaken belief that the park was on his left, Helmcke slowed in the through lane and turned on his left turn signal and began to move left. Enslow observed the turn signal and attempted to pass the Helmcke vehicle on the right by traveling in part in the through lane and "right turn only" lane. As Enslow attempted to pass, Helmcke realized that his intended destination was on the right. He

looked back but did not observe Enslow, and began to turn right without signaling. Enslow's vehicle struck the Helmcke vehicle on the right front side, resulting in injuries to the Enslows.

Enslow raised the following issues: (1) Did the trial court err in failing to grant a directed verdict in her favor on the questions of liability, proximate cause and/or primary negligence? (2) Were the jury instructions concerning the "following car" doctrine, unreasonable speed and failure to sound a horn supported by substantial evidence? (3) Did the trial court err in submitting the issue of contributory negligence to the jury?

### FAILURE TO GRANT A DIRECTED VERDICT

Enslow contends that the trial court erred in denying her motion for a directed verdict on the issues of liability, proximate cause and/or primary negligence. In *Boyle v. Emerson,* 17 Wn. App. 101, 109, 561 P.2d 1110 (1977), the court stated:

> A ruling on a motion for a directed verdict is not discretionary. . . . The moving party admits the truth of the opponent's evidence and all reasonable inferences that may be drawn therefrom, and the evidence must be considered in the light most favorable to the nonmoving party. The motion may be granted only if it can be said that, as a matter of law, no evidence or reasonable inferences therefrom existed to sustain a verdict for the opponent. . . . If substantial evidence supports the nonmoving party's position, the motion must be denied. . . . Questions concerning a defendant's negligence and a plaintiff's contributory negligence are usually questions of fact and should be withdrawn from the jury only in rare cases. . . . If substantial evidence has been presented which would support a reasonable conclusion that the plaintiff was negligent, the issue must be presented to the jury.

(Citations omitted.)

An examination of the record on appeal demonstrates that the following were questions of disputed fact: (1) the precise location in the intersection of the accident;

(2) whether Helmcke had in fact left the through lane of traffic; (3) whether Enslow, in attempting to pass on the right, left the through lane of traffic and entered a "right turn only" lane; (4) whether Enslow was negligent in attempting to pass the Helmcke vehicle on the right and failed to avoid the accident. Where conflicting evidence is presented, we cannot say as a matter of law that a directed verdict should have been entered. The trial court properly concluded that the issues of primary negligence, proximate cause and liability were questions of fact for the jury.

## INSTRUCTIONS

Enslow argues that the trial court erred in submitting instructions to the jury on the "following car" doctrine, on unreasonable speed, and on the failure to sound horn because of insufficient evidence. We disagree.

She specifically argues that the giving of the instruction on the following car doctrine was improper because it should only be given if the case involves a following driver and the facts constitute an overtaking and passing situation. *See* WPI 70.04, 6 Wash. Prac. 259 (1967). Instructions given on a party's theory of the case are sufficient if (1) they permit the party to argue his or her theory of the case, (2) they are not misleading, and (3) when read as a whole, they properly inform the trier of fact of the applicable law. *Levea v. G.A. Gray Corp.,* 17 Wn. App. 214, 562 P.2d 1276 (1977). The trial court has considerable discretion as to the number of instructions necessary to fairly present a party's theory and how the instructions will be worded. *Prybysz v. Spokane,* 24 Wn. App. 452, 601 P.2d 1297 (1979); *Levea v. G.A. Gray Corp., supra.* However, each instruction given must be supported by substantial evidence. *Bean v. Stephens,* 13 Wn. App. 364, 534 P.2d 1047 (1975).

We find substantial evidence to support the giving of an instruction on the following car doctrine. In *Van-*

*wagenen v. Roy,* 21 Wn. App. 581, 584, 587 P.2d 173 (1978), the court set forth the following general rule when the "following car" doctrine should apply:

> We start with the well established rule of law, in this jurisdiction, that in the absence of an emergency or unusual condition, the following driver is prima facie negligent if he runs into the car ahead. . . . When it can be said, as a matter of law, that no emergency or unusual condition existed, and the following car collides with the forward vehicle, the following car's negligence is not based upon the necessity to find, as a fact, some affirmative act of negligence on his part. . . . Contrariwise, when the forward car's action is not reasonably anticipated, such as a sudden stop at a place where none is to be anticipated, then the trier of fact must find an affirmative act of negligence by the following driver before he can be called negligent even though he collided with the forward vehicle.

(Citations omitted.) In *Vanwagenen v. Roy, supra,* the court found on uncontested facts that Roy was confronted with an unusual emergency situation not of her own making. Vanwagenen had slowed almost to a stop in an unmarked roadway which accommodated four lanes of traffic, and proceeded to the right edge of the road prior to making a left turn. Although aware of the presence of the Roy vehicle to her rear, she did not signal, but nevertheless made a left turn to enter a private driveway. Roy observed the action and moved near the center of the road in an attempt to pass. The court held the "following car" doctrine applicable, but on the facts held that it was an emergency or unusual situation and did not find the driver of the following car primarily negligent.

Here, Helmcke did not completely move from the main roadway, and it was for the jury to determine whether under such circumstances he created an emergency or unusual condition which would overcome Enslow's primary duty to slow and anticipate to a degree the actions of the

preceding vehicle. The instruction assisted Enslow in presenting her theory of the case, *i.e.*, that Helmcke's maneuver was unusual and may have created an emergency situation, relieving her of primary responsibility.

Enslow next objects to the giving of the instruction which instructed the jury as to the possible excessive speed of her vehicle. She argues that there is no evidence that she acted other than in a reasonable and prudent manner. She testified, however, that she felt as though she was flying and the entire car was being lifted. The record indicates that Helmcke was stopped or almost stopped at the time of the collision. If so, then almost the entire force causing Enslow's vehicle to leave the roadway and crash down the embankment must have come from the speed of her vehicle, and such speed may have been excessive under the circumstances.

The instruction on the failure to sound horn was appropriate since Enslow did not sound the horn as she attempted to pass. She may have violated the duty placed on a driver to sound the horn when it is reasonably necessary to insure safe operation. RCW 46.37.380. Although Enslow had no duty to anticipate Helmcke's change of mind, by attempting to pass Helmcke on the right within the same lane at an intersection, she may have created a situation that reasonably required the use of a horn. The giving of the instruction was proper to place the issue before the jury.

## CONTRIBUTORY NEGLIGENCE

Finally, Enslow contends that the issue of her contributory negligence should not have been submitted to the jury. We disagree.

Where conflicting evidence is presented as to the negligence of either driver, the issue of contributory negligence should be submitted to the jury. *Harris v. Fiore,* 70 Wn.2d 357, 423 P.2d 63 (1967). The evidence of contributory negligence must be determined on a case–by–case basis. Where, as here, the issue is presented in conjunction

with whether sufficient time existed for careful reaction, the issue should be weighed by the jury. *Boerner v. Estate of Lambert,* 9 Wn. App. 145, 510 P.2d 1157 (1973). Further, RCW 46.61.115 states:

(1) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:

(a) When the vehicle overtaken is making or about to make a left turn;

(b) Upon a roadway with unobstructed pavement of sufficient width for two or more lines of vehicles moving lawfully in the direction being traveled by the overtaking vehicle.

(2) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. Such movement shall not be made by driving off the roadway.

In *Rhoades v. DeRosier,* 14 Wn. App. 946, 949–50, 546 P.2d 930 (1976), the court stated:

If substantial evidence suggests unusual conduct by the preceding driver which should not have been anticipated, then the negligence of the following driver and the contributory negligence of the preceding driver are questions of fact. It is for the jury to decide whether the circumstances were such that a sudden stop was to be anticipated. It is also for the jury to decide from the evidence whether negligence on the part of the preceding driver proximately contributed to the injury.

The evidence here was in conflict as to whether Enslow exercised reasonable care in her attempt to pass on the right. The trial court properly submitted the issue of her contributory negligence to the jury.

Affirmed.

SWANSON and DORE, JJ., concur.