[No. 4291-0-III. Division Three. August 25, 1981.]

WARDELL BRAXTON, ET AL, *Plaintiffs*, MICHAEL HUNTINGTON, *Appellant*, v. ROTEC INDUSTRIES, INC., *Respondent*.

*Michael E. de Grasse* and *Critchlow & Williams,* for appellant.

*Robert R. Redman* and *Gavin, Robinson, Kendrick, Redman & Mays,* for respondent.

GREEN, J.—Michael Huntington, one of the plaintiffs in this products liability action, appeals from a jury verdict in favor of defendant, Rotec Industries. The issues presented are whether the court erred in (1) giving and failing to give certain instructions concerning Rotec's duty to warn, and (2) refusing to instruct the jury that negligence is not an element of Mr. Huntington's case. We affirm.

Hoffman Construction Co. purchased a concrete conveyor system, referred to as a "swinger" from Rotec Industries for use in constructing a nuclear reactor in Benton County. The swinger is a revolving conveyor belt system supported by a vertical column referred to as a "pogo stick." In its instruction manual, Rotec suggested the pogo stick could be mounted by embedding it in cement or bolting it to a concrete slab through a baseplate. It could also be supported by guy wires. If guy wires were used, the manual supplied the suggested cable size, breaking strength, tension and weave for the cables depending upon the height of the pogo. The pogo stick, guy wires and hardware to support the swinger were to be supplied by the purchaser, Hoffman.

In the spring of 1976, Hoffman's supervisors and engineers erected the swinger, which arrived at the construction site unassembled. A pogo stick between 20 and 30 feet tall was mounted to a baseplate and supported by guy wires. One of Rotec's employees aided in assembling the system and instructed some of Hoffman's employees, including Mr. Huntington, regarding its operation and maintenance. However, he did not instruct them concerning the erection of the supporting structure. The Hoffman employees who were present while the swinger was being assembled and erected each received the instruction manual.

In the course of its normal use, over a period of several months, the system was disassembled and reassembled. On September 16, 1976, the system collapsed injuring three employees. They brought this action for personal injuries, alleging the system was unreasonably dangerous and Rotec was strictly liable for defective design, manufacture, installation and service. Rotec answered, alleging the injuries were caused by the acts or omissions of Hoffman and the injured employees.

The testimony at trial was conflicting as to the cause of the accident. The record shows the cable used for the guy wires was smaller in diameter than the cable size suggested by the manual. Rotec's expert testified a guy wire was improperly spliced. An employee testified Mr. Huntington

was aware of and concerned about this splice while operating the system. On the other hand, Mr. Huntington's expert testified the manual did not instruct when guy wires should be used or specify the type of steel required. It was also his opinion the manual should have warned of the consequences resulting from the use of improper cables.

The jury returned a verdict in favor of Rotec as to all plaintiffs. In its answer to a special interrogatory as to Mr. Huntington, the jury found the swinger was not unreasonably dangerous. He appeals.

First, Mr. Huntington contends the court erred in refusing to give his proposed instructions which state:

> Each plaintiff was an ultimate user or consumer of the defendant's product. That the defendant might have warned the plaintiffs' employer does not satisfy its obligation to warn the plaintiffs.
>
> Any knowledge on the part of the plaintiffs' employer of the hazards or dangers presented by the defendant's product is not a defense to the plaintiffs' claims.[1]

He argues failure to give these instructions may have confused the jury about Rotec's duty to Huntington as an ultimate user of the conveyor system.

■■ It is well established that instructions must be considered in their entirety. *State v. Fernandez,* 28 Wn. App. 944, 954, 628 P.2d 818 (1980). The wording of an instruction is within the court's discretion and an instruction may be refused even though it correctly states the law. *Bryant v. Department of Labor & Indus.,* 23 Wn. App. 509, 512, 596 P.2d 291 (1979); *Enslow v. Helmcke,* 26 Wn. App. 101, 104, 611 P.2d 1338 (1980); *State v. Evans,* 26 Wn. App. 251, 262, 612 P.2d 442 (1980). Instructions are sufficient if they (1) permit each party to argue his theory of the case, (2) are not misleading, and (3) when read as a whole,

---

[1]Another instruction proposed by Huntington was similar:

"Defendant cannot avoid its responsibility to warn persons such as the plaintiffs of its product's dangers by delegation of those responsibilities to the plaintiffs' employer.

"Any warning the defendant made to the plaintiffs' employer does not satisfy the defendant's responsibility to warn the plaintiffs of the product's dangers."

properly inform the trier of fact of the applicable law. *State v. Mark*, 94 Wn.2d 520, 522, 618 P.2d 73 (1980); *State v. Theroff*, 95 Wn.2d 385, 389, 622 P.2d 1240 (1980).

Here, the court, in other instructions informed the jury Rotec had a duty to the ultimate user of its product:

(1) One who sells any product that is not reasonably safe to the *user or consumer* is liable for physical harm thereby proximately caused to the *ultimate user or consumer,* if (a) the seller is engaged in the business of selling such product; and (b) the product is expected to and does reach the *user or consumer* without substantial change in the condition in which it was sold.

(2) This rule applies although (a) the seller has exercised all possible care in the preparation and sale of its product; and (b) *the user or consumer* has not bought the product from or entered into any contractual relationship with the seller.

(Italics ours.) Another instruction given by the court stated:

A product may be faultlessly manufactured and designed, yet still not be reasonably safe *when placed in the hands of the ultimate user* without first giving adequate instructions or warnings concerning the manner in which to use the product safely.

(Italics ours.) These instructions were broad enough to allow Mr. Huntington to argue his theory that Rotec owed a duty to him as the ultimate user of the swinger.

Huntington further contends his proposed instructions were necessary in light of other instructions given by the court:

The defendant is under no duty to instruct or warn the user of any dangers associated with defendant's product if such dangers are obvious or known to the user.

If you find that any dangers associated with defendant's product were obvious or known to the user then you cannot find that the product was rendered unreasonably dangerous because of inadequate instructions or warnings.

The defendant was under no duty to warn plaintiffs' employer regarding any dangers resulting from the improper use or assembly of the product defendant sold to plaintiffs' employer if you find that plaintiffs'

employer knew or should have known of such dangers.

He argues it was error to give these instructions because they permitted the jury to conclude Rotec's duty to warn was owed only to the employer, Hoffman. Further, he argues the instructions erroneously imply Hoffman was an intermediary or superseding cause of the injury, cutting off Rotec's duty to warn the employees. We disagree.

These instructions are accurate statements of the law. *See Haysom v. Coleman Lantern Co.,* 89 Wn.2d 474, 573 P.2d 785, 93 A.L.R.3d 86 (1978); *Little v. PPG Indus., Inc.,* 92 Wn.2d 118, 123, 594 P.2d 911 (1979). Although the instruction regarding Rotec's duty to warn the employer was unnecessary since Hoffman was not a party to the action, it could not have misled the jury. Huntington was not precluded from arguing that even though the dangers associated with Rotec's product may have been obvious to the employer, Rotec's duty to warn was not absolved unless those dangers were also obvious to the employees operating the conveyor system. Considering the instructions as a whole, it is clear Rotec's duty to warn Huntington was separate from its duty to warn his employer. We therefore find any error in submitting that instruction was harmless.

Second, Mr. Huntington contends the court erred in refusing to give his proposed instructions which state:

> One who introduces a product into the stream of commerce must see that the product is accompanied by an adequate or sufficient warning of the dangers presented by the use of that product.
>
> Such a warning must be sufficient to catch the attention of persons who could be expected to use the product and to apprise them of its dangers and to advise them of the measures to take to avoid those dangers.
>
> Concerning the product sold by the defendant here, directions and warnings serve different purposes. Directions (or instructions) are for the purpose of assuring an *effective* use of the product. On the other hand, warnings are for the purpose of assuring a *safe* use of the product.
>
> That the defendant might have given appropriate directions (or instructions) for the use of its product is not a defense to the plaintiffs' claims and has no bearing

on the question of whether the defendant is liable to the plaintiffs.

He argues these instructions should have been given because they are supported by language contained in *McCully v. Fuller Brush Co.,* 68 Wn.2d 675, 678, 415 P.2d 7 (1966); and *Little v. PPG Indus., Inc., supra.* We disagree.

 The fact that certain language is used in an appellate court decision does not mean it must be incorporated into a jury instruction. *Turner v. Tacoma,* 72 Wn.2d 1029, 435 P.2d 927 (1967); *State v. Williams,* 28 Wn. App. 209, 212, 622 P.2d 885 (1981). In *McCully* it was held a warning may not be adequate as a matter of law where the dangers associated with the product are clearly latent. The court in *Little* held a manufacturer's negligence is not a factor in determining the adequacy of a warning. Neither court stated an instruction must be submitted *defining* an adequate warning. In fact, the *Little* court recited its prior decision in *Haysom v. Coleman Lantern Co., supra* at 480, where it was held in most cases

> both the question of whether instructions or warnings are adequate to insure safe use of a product, as well as that of whether the dangers involved are so obvious or well known as to eliminate the necessity for detailed warnings, are for the trier of fact.

In *Berry v. Coleman Sys. Co.,* 23 Wn. App. 622, 627, 596 P.2d 1365 (1979), we held except in cases where the danger is clearly latent, "the adequacy of both the content and prominence of warnings accompanying a product is a question for the jury, and the court need not furnish guidelines to aid the jury in its determination."

Here, the dangers associated with using inadequate guy wires to support the concrete conveyor system are not latent. It was for the jury to determine whether the instructions given in Rotec's manual were adequate or whether additional warnings should have been supplied. The court instructed the jury a product may not be reasonably safe

> without first giving adequate instructions or warnings

concerning the manner in which to use the product safely.

Warnings and instructions may or may not be the same depending upon the circumstances.

The court's instructions were broad enough to allow Huntington to argue adequate warnings were not given. There was no error in refusing to give Huntington's proffered instructions.

Finally, Huntington argues the court erred in refusing to give his proposed instruction, which states:

Negligence of the defendant is not a part of the plaintiffs' case. Therefore, you need not find the defendant negligent, or to have acted without ordinary care, in order to find the defendant liable for the plaintiffs' injuries.

He argues negligence as a superseding or intervening cause was in issue as a defense. Without this instruction, Huntington contends, the jury could have erroneously concluded he had the burden of proving negligence as a part of his prima facie case. We disagree.

■ The court instructed the jury:

The plaintiff has the burden of proving each of the following propositions:

First, that the product sold by the defendant was unreasonably dangerous, though faultlessly manufactured, by reason of the distribution of that product without suitable and adequate warnings or instructions concerning the safe manner in which to use it;

Second, that the plaintiff was injured;

Third, that the unreasonably dangerous condition of the defendant's product was a proximate cause of the injury to the plaintiff.

This instruction does not place any burden upon Mr. Huntington to prove Rotec was negligent. The jury is presumed to have followed that instruction. *State v. Hale*, 26 Wn. App. 211, 216, 611 P.2d 1370 (1980). There was no error.

Affirmed.

ROE, A.C.J., and MUNSON, J., concur.

Reconsideration denied September 16, 1981.

Review denied by Supreme Court December 18, 1981.