[No. 5171-4-III. Division Three. December 28, 1983.]

PAUL KNOWLES, *Respondent,* v. HARNISCHFEGER CORPORATION, ET AL, *Appellants.*

*Robert Zagelow, Tom Scribner,* and *Minnick, Hayner & Zagelow,* for appellants.

*Charles B. Phillips, Taggart & Phillips, Phelps R. Gose,* and *Axtell, Karademos, Briggs & Gose,* for respondent.

Loy, J.*—Defendants Harnischfeger Corporation (Harnischfeger) and Modern Machinery Co., Inc. (Modern Machinery) appeal a judgment entered upon a verdict awarding damages to Knowles for personal injuries he received from a fall while he and another individual were being lifted by a crane from a dam inspection site. We affirm.

In May 1978, the United States Army Corps of Engineers received a lattice boom crane ordered from Harnischfeger. Modern Machinery manufactured the crane. The crane was purchased for use at a dam project on the Snake River. At the time of the accident, Knowles and another Corps

---

*Judge Carl L. Loy is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

employee were being lifted from the bottom of one of the locks to the surface of the dam in a homemade manbasket. When the manbasket was approximately 30 feet from the bottom of the lock, a hydraulic hose on the clutch assembly ruptured, thereby releasing the manbasket to the bottom of the lock.

Thereafter, Knowles filed an action against the seller and manufacturer of the crane. Knowles premised his claim upon strict liability based upon defective design and manufacture and the failure to warn of the inherently dangerous product. In response, defendants allege Knowles assumed risks inherent in the crane; Knowles' employer had been adequately warned against lifting its personnel with the crane; and the intervening negligence of the Army Corps of Engineers was the proximate cause of Knowles' injuries. Following trial a jury found Harnischfeger and Modern Machinery liable for Knowles' injuries.

Defendants assign error to the court's refusal to give a proposed instruction concerning their duty to warn an employee of dangers in a product. It is defendants' position that a seller or manufacturer fulfills its duty to give an adequate warning of the dangers inherent in a product when it gives such warning to the buyer, in this case the Army Corps of Engineers, and when it is reasonable to expect the buyer will follow the warning and, if appropriate, communicate it to the ultimate user.

Defendants proposed their instruction 10:

A seller and/or manufacturer has a duty to warn of any condition which renders a product not reasonably safe for a foreseeable use. There is, however, no duty to warn of obvious or known dangers.

Where a warning is required, it must be adequate so that if followed, the product would be reasonably safe for use. The warning must be appropriate in view of the seriousness of any danger involved to reasonably advise of the consequences of improper use. Such a warning must be in a form which reasonably could be expected to catch the attention of, and to be understood by, the ordinary user.

In addition, there are circumstances where the seller/ manufacturer has fulfilled its duty when it gives adequate warning to the buyer of the product, in this case, the United States Army Corps of Engineers. The seller/ manufacturer's duty has been met in such circumstances if the seller/manufacturer has no effective means of communicating directly with the ultimate user, the Plaintiff Paul Knowles in this case, and if it is reasonable to expect that the buyer of the crane, the United States Army Corps of Engineers, has a safety program and that it will communicate whatever is necessary to the ultimate user.

The court gave the first two paragraphs of the proposed instruction, but excluded the third paragraph referring to the intermediate buyer, the United States Army Corps of Engineers.

Defendants rely on two Washington cases, *Reed v. Pennwalt Corp.,* 22 Wn. App. 718, 591 P.2d 478, *appeal dismissed on other grounds,* 93 Wn.2d 5, 604 P.2d 164 (1979) and *Little v. PPG Indus., Inc.,* 19 Wn. App. 812, 579 P.2d 940 (1978), *aff'd,* 92 Wn.2d 118, 594 P.2d 911 (1979), as authority for their proposed instruction. These cases do not require submission to the jury of the third paragraph of defendants' proposed instruction 10. The instructions given are sufficient when considered as a whole.

Evidence presented to the jury included a manual which contained warnings of the dangers presented by the use of the crane. One of the warnings states:

No one rides the hook block, bucket, or any other device intended to lift people. These machines are not intended for use as elevators.

The evidence was in dispute whether the manual was delivered with the crane prior to the accident.

Also, there was a decal on the cab of the crane which requests the operator to read the manual prior to operating the crane. In addition, there were conferences between defendants and Corps of Engineers personnel regarding safety matters. The jury was asked to decide whether the manual, the sticker on the crane telling the operator to read

the manual, and conferences relating to safety between defendants and the Corps of Engineers constituted adequate warnings.

■ Here, it was unnecessary to submit an instruction defining an adequate warning. The court in *Haysom v. Coleman Lantern Co.,* 89 Wn.2d 474, 480, 573 P.2d 785, 93 A.L.R.3d 86 (1978) stated:

> [B]oth the question of whether instructions or warnings are adequate to insure safe use of a product, as well as that of whether the dangers involved are so obvious or well known as to eliminate the necessity for detailed warnings, are for the trier of fact.

*See Braxton v. Rotec Indus., Inc.,* 30 Wn. App. 221, 633 P.2d 897 (1981).

In the present case, Harnischfeger and Modern Machinery owed a duty to the user of the crane to provide adequate warnings.

■ The court's refusal to give defendants' proposed instruction 10 did not keep pertinent law from the jury. It is well established that instructions must be considered in their entirety. The wording of an instruction is within the court's discretion and an instruction may be refused even though it correctly states the law. *Enslow v. Helmcke,* 26 Wn. App. 101, 104, 611 P.2d 1338 (1980). Instructions are sufficient if they (1) permit each party to argue his theory of the case, (2) are not misleading, and (3) when read as a whole properly inform the trier of fact of the applicable law. *Braxton v. Rotec Indus., Inc., supra.*

The fact certain language is used in an appellate court decision does not mean it must be incorporated into a jury instruction. *State v. Williams,* 28 Wn. App. 209, 622 P.2d 885 (1981).

Here, instruction 16 stated:

> There may be more than one proximate cause of the same occurrence. If you find that the crane was defectively designed or manufactured or that the Defendants failed to give an adequate warning to make the product reasonably safe, and that either was a proximate cause of the injury or damage to Plaintiff, it is not a defense that

the act of some other person or entity who is not a party to this action may also have been a proximate cause.

*However, if you find that the crane was defective or that Defendants failed to give an adequate warning to make the product reasonably safe, and also find that a proximate cause of the occurrence was a later independent intervening negligent act of a person not a party to this case and that the intervening act was so extraordinary or unexpected that it can be said to fall without the realm of reasonable foreseeability, then the Defendants' conduct is superseded by the intervening negligent act and is not the proximate cause of the alleged injury.* However, if in the exercise of ordinary care, the Defendants at the time of the sale or manufacture of the crane should reasonably have anticipated the intervening negligent act, if any, it does not supersede the defective crane, if any, or failure to give an adequate warning, if any, and does not break the chain of proximate causation.

It is not necessary that the sequence of events or the particular resultant injury be foreseeable. It is only necessary that the resultant injury fall within the general field of danger which the Defendant should reasonably have anticipated.

(Italics ours.)

Instruction 14 stated:

A seller and/or manufacturer has a duty to warn of any condition which renders a product not reasonably safe for a foreseeable use. *There is, however, no duty to warn of obvious or known dangers.*

Where a warning is required, it must be adequate so that if followed, the product would be reasonably safe for use. The warning must be appropriate in view of the seriousness of any danger involved to reasonably advise of the consequences of improper use. Such a warning must be in a form which reasonably could be expected to catch the attention of, and to be understood by, the ordinary user.

(Italics ours.)

The instructions given (1) were broad enough to allow defendants to argue their theory of the case, (2) were not misleading, and (3) the jury was properly informed of the applicable law. *Braxton v. Rotec Indus., Inc., supra.*

The last issue presented is whether the trial court prejudicially assisted plaintiff's counsel during trial. Defendants contend the court consistently interceded to assist plaintiff's counsel; that the court told plaintiff's counsel what questions to ask so as to have testimony admitted; and, that the assistance caused the jury to believe plaintiff's testimony must have been important if the court was so determined to have it admitted.

■ Article 4, section 16 of the Washington State Constitution provides:

> Charging juries. Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law.

"To constitute a comment on the evidence within Const. art. 4, § 16, 'the jury must be able to infer from what the court said or did not say that he personally believed or disbelieved the testimony in question.'" *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 139, 606 P.2d 1214 (1980) (quoting *State v. Browder,* 61 Wn.2d 300, 302, 378 P.2d 295, *cert. denied,* 375 U.S. 869 (1963)).

Defendants cite several instances where the trial court assisted plaintiff's counsel. The trial court's assistance largely consisted of laying a proper foundation for testimony. The foundation serves to clarify matters for the jury and to help run the trial in an expeditious and smooth manner. None of the instances defendants referred to as "assistance" indicate the trial court personally believed or disbelieved the testimony of plaintiff's witnesses. The trial court's assistance did not prejudice defendants such that a new trial is necessary.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.