[No. 14253-1-III. Division Three. April 9, 1996.]

*In the Matter of the Estate of* ROBERT L.
FAHNLANDER II.

ROBERT L. FAHNLANDER, *Individually and as
Administrator, Appellant,* v. PETER E. FERN, M.D., ET
AL., *Respondents.*

*Dennis W. Clayton*, for appellant.

*Michael J. Myers* and *Randall & Danskin, P.S.*, for respondents.

THOMPSON, J. — Robert L. Fahnlander commenced a medical malpractice lawsuit in April 1992, following the death of his infant son. The matter proceeded to trial by jury. After the jury returned a defense verdict, his lawsuit was dismissed. Mr. Fahnlander requests a new trial in this appeal. He assigns error to (1) a pretrial order striking the testimony of one of his obstetric experts and (2) a pretrial ruling refusing to allow him to substitute another expert. We affirm.

## FACTS

In response to interrogatories propounded by defendants Dr. Peter E. Fern and Northwest OB-GYN, P.S., Mr. Fahnlander disclosed his intent to call Dr. Brian R. Bigelow and Dr. John C. Scott as expert witnesses at trial. The interrogatories were propounded in May 1992. Mr. Fahnlander served his answers in November 1992. In June 1993, he supplemented those answers by identifying Dr. W. Joseph Weick as an additional expert witness. Sometime prior to March 1994, Mr. Fahnlander decided not to call Dr. Scott.

Based on an affidavit filed by Mr. Fahnlander's counsel, he attempted to depose Dr. Fern, beginning in August 1992. Following a number of unsuccessful attempts and cancellations of scheduled depositions, Dr. Fern was deposed on May 26, 1993. Based on an affidavit filed by Dr. Fern's counsel, potential dates for the depositions of Mr. Fahnlander's experts were discussed in September 1993, without result.

On November 15, 1993, an amended scheduling order was entered. It established June 20, 1994, as the trial date and "May 2, 1993 [sic]," as the discovery cutoff date.

On March 31, 1994, counsel for defendants Dr. Fern and Northwest OB-GYN, P.S. (collectively "Dr. Fern") moved to strike Mr. Fahnlander's expert witnesses or, alternatively, to strike the trial date or dismiss Mr. Fahnlander's complaint for failure to make witnesses available for deposition. In a supporting affidavit, counsel for Dr. Fern stated that as of March 28, 1994, numerous attempts had been made to obtain deposition dates for Dr. Bigelow, but no deposition date was produced. He stated that he advised Mr. Fahnlander's counsel he would be out of the country from April 25 through May 18, 1994.

In an affidavit opposing Dr. Fern's motion, a legal assistant to plaintiff's counsel stated that on or about March 30, 1994, she contacted Dr. Bigelow's secretary to obtain potential deposition dates. April 7 and April 19 were offered, but Mr. Fahnlander's counsel was unavailable on April 7, and defense counsel was unavailable on April 19. She stated she again contacted Dr. Bigelow's office and was offered April 22 as a deposition date. However, Dr. Fern's counsel said he was unavailable on April 22. He gave as alternative dates May 23, 30, 31, June 2 to 3 and the week of June 6. None of the alternative dates fit Dr. Bigelow's schedule. When Dr. Fern's counsel subsequently indicated he would be available April 22, Dr. Bigelow was no longer available.

The legal assistant stated she discussed a Saturday telephone deposition on April 23 with Dr. Bigelow's office,

but Dr. Fern's counsel advised that he was getting ready for vacation and a Saturday deposition was unacceptable. She then contacted Dr. Bigelow's office and was told he would be unavailable during the entire month of June.

On April 20, 1994, plaintiff's expert, Dr. Weick, was deposed. On May 27, 1994, defendant's motion was heard. Mr. Fahnlander argued for a continuance of trial. The court ruled that Dr. Bigelow's deposition had to be completed within 10 days or his testimony would be disallowed. In a letter to the court dated June 7, plaintiff's counsel wrote that Dr. Bigelow was unavailable for deposition during the 10-day period and asked that Mr. Fahnlander be allowed to substitute the testimony of Dr. Scott for Dr. Bigelow. Counsel stated that Dr. Scott would be available for deposition on June 17.

By letter dated June 8, Dr. Fern's counsel objected to plaintiff's substitution of experts, contending two business days before trial was not an appropriate time to be introducing an expert. The court agreed and denied Mr. Fahnlander's motion to substitute experts.

On June 17, 1994, one of Dr. Fern's medical experts was deposed. The trial commenced on June 20, 1994, as scheduled.

## ANALYSIS

■ Standard of Review. Decisions denying or granting sanctions for discovery abuse are reviewed for abuse of discretion. *Washington State Physicians Ins. Exch. v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). A court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds. *Physicians*, 122 Wn.2d at 339.

■ Choice of Sanction. Although the trial court has wide latitude to determine what sanctions are appropriate, certain principles must be considered. First, the court should impose the least severe sanction that will be adequate to serve the purpose of the particular sanction. *See*

*Physicians,* 122 Wn.2d at 355-56 (involving sanctions under CR 26(g)). *See also Bryant v. Joseph Tree, Inc.,* 119 Wn.2d 210, 225, 829 P.2d 1099 (1992) (involving sanctions under CR 11); *In re Lasky,* 54 Wn. App. 841, 855, 776 P.2d 695 (1989) (involving appropriate sanction under CR 11).

 Sanctions for failure to comply with discovery orders are authorized under CR 37 for " 'unjustified or unexplained resistance to discovery.' " *Physicians,* 122 Wn.2d at 342 (quoting *Gammon v. Clark Equip. Co.,* 38 Wn. App. 274, 280, 686 P.2d 1102 (1984), *aff'd,* 104 Wn.2d 613, 707 P.2d 685 (1985)).

Motion to Strike Testimony. Based on the supporting and opposing affidavits submitted in connection with Dr. Fern's motion to strike Dr. Bigelow as an expert witness, it is apparent that the doctor's unavailability was not the result of "unjustified or unexplained resistance to discovery" by Mr. Fahnlander or his counsel. His unavailability resulted from the lack of compatible schedules by both attorneys and Dr. Bigelow. The trial court's decision to allow an additional 10-day period to arrange the deposition was reasonable under the circumstances. When it became apparent that Dr. Bigelow would not be available during the extended 10-day period, nor available during the entire month of June, the trial court did not abuse its discretion in striking Dr. Bigelow's testimony.

Motion to Substitute Witness. We turn next to the trial court's denial of Mr. Fahnlander's motion to substitute Dr. Scott for Dr. Bigelow, when it became apparent that Dr. Bigelow would be unavailable. The trial court disallowed Mr. Fahnlander's request to substitute Dr. Scott for the same reasons it struck Dr. Bigelow's testimony. The court reasoned:

> All parties are entitled to a reasonable opportunity to prepare for trial. The purpose of pretrial scheduling orders is to permit orderly discovery and pretrial preparation. Dr. Bigelow's busy schedule notwithstanding, Defendants have not had reasonable access to him for discovery. Considering the trial date, the eleventh hour substitution of another expert

witness for Dr. Bigelow is impermissible for the same reason Dr. Bigelow's testimony is disallowed.

■ As Dr. Fern contends, the pretrial depositions of opposing expert witnesses are necessary for a party's trial preparation. As the trial court stated, the purpose of pretrial scheduling orders is to permit orderly discovery and pretrial preparation. However, the least severe sanction adequate to address Dr. Fern's objection to the substitution was a continuance of the June 20 trial date. The continuance could have been coupled with monetary sanctions, as needed, to compensate for any additional costs and expenses incurred by the defense. *See Barci v. Intalco Aluminum Corp.*, 11 Wn. App. 342, 349, 522 P.2d 1159, *review denied*, 84 Wn.2d 1012 (1974). In fact, Dr. Fern's motion to strike Dr. Bigelow's testimony included a request, as alternative relief, that the trial date be stricken.

Certainly a sanction should not be so minimal that it undermines the purpose of discovery. *Physicians*, 122 Wn.2d at 356. It should insure that a wrongdoer does not profit from the wrong. *Id.* at 356. However, the facts show that neither Mr. Fahnlander nor his counsel were "wrongdoers." Counsel made several attempts to make Dr. Bigelow available for deposition and, when it became necessary to call Dr. Scott in his place, Mr. Fahnlander offered to make Dr. Scott available on June 17. Although subsequently withdrawn, Dr. Scott was disclosed as a witness in Mr. Fahnlander's answers to defendant's interrogatories in 1992. There is no evidence that the late attempt to call him as a substitute for Dr. Bigelow was a trial tactic by Mr. Fahnlander's counsel or that counsel intended to violate any discovery rule or scheduling order. Defense counsel's scheduling problems contributed to the difficulty associated with deposing Dr. Bigelow, creating the 11th-hour adjustments. That fact should have been considered by the court in fashioning a sanction. *See Physicians*, 122 Wn.2d at 356. It was an abuse of discretion to refuse to continue the case to allow the plaintiff to call Dr. Scott.

■■ Notwithstanding our concern over the trial court's decision to exclude Dr. Scott, we deny Mr. Fahnlander's request for a new trial. We do so because the record is void of any evidence that the challenged decision deprived him of a fair trial. The record contains no offer of proof or other evidence to reflect what Dr. Scott's testimony would have been had he been permitted to testify. We are unable to discern the materiality of his testimony. There is no evidence as to what Mr. Fahnlander's expert testified to at trial, and therefore no way to determine if Dr. Scott's testimony would have been cumulative.[1] Without supporting evidence, Mr. Fahnlander's assertion that he would have been on "a more even playing field" and "more likely to have met his burden of persuasion" is insufficient to set aside the judgment entered on the jury's verdict. Further, there is no indication that Mr. Fahnlander moved for a new trial pursuant to CR 59(a) or otherwise brought his concerns about being deprived of a fair trial to the trial court's attention prior to, during, or after trial.

The judgment entered on the jury's verdict is affirmed.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Review denied at 130 Wn.2d 1002 (1996).

---

[1] In response to questioning during oral argument, Mr. Fahnlander's counsel indicated that Dr. Scott's testimony would have covered the same issues as the testimony of Dr. Weick, the physician who testified on Mr. Fahnlander's behalf at trial, but contended Dr. Scott was needed as a front-line practitioner to match a similarly qualified defense witness.