[No. 51041–5.  En Banc.  October 17, 1985.]

JUDY L. GAMMON, *Individually and as Personal Representative,* ET AL, *Respondents,* v. CLARK EQUIPMENT CO., *Petitioner.*

*Reed, McClure, Moceri & Thonn, P.S.,* by *William R. Hickman, Robert C. Dickerson II,* and *Heather Houston Reeve,* for petitioner.

*Hennings, Maltman, Weber & Reed,* by *Douglass A. North,* and *Burns, Schneiderman & Davis,* by *James D. Burns,* for respondents.

DOLLIVER, C.J.—The only issue accepted in this wrongful death products liability appeal is whether the trial court abused its discretion in refusing to allow a jury instruction which stated a seller or supplier could be strictly liable even if it used reasonable care in preparation and marketing of a product.

On October 13, 1978, Richard G. Gammon was killed

when a Bobcat 720 loader which he was operating over-turned. Although there were no eyewitnesses, the record reflects that the Bobcat's arms were fully extended and Gammon was operating on a 25–degree slope.

The Bobcat and its backhoe were manufactured by defendant Clark Equipment Company, distributed by defendant Star Machinery Co., Inc., and leased by defend-ant AA Rentals of Bothell, Inc. At the time Gammon rented the Bobcat, an employee of AA Rentals reviewed its operation and Gammon represented to the AA Rentals employee he had operated heavy machinery in the past. The AA Rentals employee did not give Gammon a copy of the owner's manual for the Bobcat.

In December 1978, Judy and Barry Gammon (wife and son of the deceased) brought this wrongful death action against Clark Equipment, Star Machinery, and AA Rentals. The Gammons asserted causes of action based on negli-gence, strict liability, and implied warranty. Plaintiffs dropped their warranty allegation at the beginning of trial.

The case was tried to a jury, which returned special ver-dicts on the 22 questions submitted to it. The jury found neither Clark Equipment nor Star Machinery was negli-gent. The jury also found neither Clark Equipment nor Star Machinery supplied a product which was "not reason-ably safe". As to AA Rentals, the jury found it was negli-gent, but that its negligence was not the proximate cause "of pecuniary loss to plaintiffs". The jury found Gammon was 90 percent negligent but failed to assign the remaining 10 percent of the fault. The jury also found AA Rentals failed to give Gammon an adequate warning so as to make the use of the Bobcat reasonably safe, but the failure to give an adequate warning did not proximately cause Gam-mon's death. The trial court entered a judgment on the verdict dismissing all defendants with prejudice.

Plaintiffs moved for judgment notwithstanding the ver-dict or a new trial on the grounds Clark Equipment failed in good faith to comply with court ordered discovery orders. The Gammons alleged there were numerous accident

reports in Clark Equipment's possession which were not disclosed during discovery. The Gammons' motions were denied, but the Gammons were awarded $2,500 in sanctions. Plaintiffs then appealed with regard to defendants Clark Equipment and AA Rentals.

The Court of Appeals affirmed the trial court as to AA Rentals. AA Rentals and the plaintiffs have settled and AA has withdrawn from this appeal. Finding $2,500 to be an inadequate sanction, the Court of Appeals reversed and remanded the case against Clark Equipment for a new trial. Acknowledging the case was to be retried against Clark Equipment, the Court of Appeals decided the jury instruction issue. The court held the trial court did not err in refusing to allow jury instruction 10 since, "[t]aken together, the court's instructions accurately stated the law of strict liability, and in no way suggested that recovery under a strict liability theory requires proof of negligence." *Gammon v. Clark Equip. Co.,* 38 Wn. App. 274, 285–86, 686 P.2d 1102 (1984).

We declined review on the sanctions issue, the question of jury instructions 2 and 6, and the issues pertaining to the jury's allegedly ambiguous special verdicts. The sole issue before this court is whether the trial court erred in refusing to allow jury instruction 10. Jury instruction 10 provided:

> You are instructed that a company that sells or supplies a product that is not reasonably safe in some manner for the user of said product, is subject to liability for harm thereby caused to the user. This law applies although the seller has exercised all possible care in the preparation and sale of the product.

Each party to a lawsuit is entitled to have its theories presented to the jury if evidence to support them has been presented. *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 135, 606 P.2d 1214 (1980). Plaintiffs contend the refusal of the trial court to allow jury instruction 10 deprived them of this right. They assert that where, as here, the jury is instructed as to negligence and strict liability, a "clarifying" instruction similar to jury instruction

10 is necessary to prevent confusion. *See Little v. PPG Indus., Inc.,* 19 Wn. App. 812, 579 P.2d 940 (1978), *aff'd as modified,* 92 Wn.2d 118, 594 P.2d 911 (1979). In support, plaintiffs note that jury instruction 10 was derived from the Restatement (Second) of Torts § 402A (1965). Defendant argues the trial court properly refused jury instruction 10 on the grounds it resembles "absolute liability" for which proximate causation is not an element.

Defendant is correct that, standing alone, jury instruction 10 does not contain a proximate cause instruction. *See Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 452 P.2d 729 (1969). A verbatim Restatement section 402A instruction, however, is acceptable when the jury is also instructed on the element of proximate cause or other pertinent limiting elements of proof. *See, e.g., Bombardi v. Pochel's Appliance & TV Co.,* 9 Wn. App. 797, 801, 515 P.2d 540, *modified on other grounds,* 10 Wn. App. 243, 518 P.2d 202 (1973). Since jury instruction 6 accurately stated proximate cause to be an element in a strict liability action, it would not have been erroneous for the trial court to allow jury instruction 10 as an accompanying instruction.

While jury instruction 10, taken together with jury instruction 6, does not misstate the law, we stop short of holding that the failure of the trial court to allow it was an abuse of discretion. Although each party is entitled to have its theory of the case set forth in the jury instructions, the trial court has considerable discretion in deciding how the instructions will be worded, *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968), and whether more specific or clarifying instructions are necessary to guard against misleading the jury, *Roberts v. Goerig,* 68 Wn.2d 442, 455, 413 P.2d 626 (1966). The test for sufficiency of instructions is whether the instructions, read as a whole, allow counsel to argue their theory of the case, are not misleading, and properly inform the trier of fact of the applicable law. *State v. Mark,* 94 Wn.2d 520, 618 P.2d 73 (1980); *Braxton v. Rotec Indus., Inc.,* 30 Wn. App. 221, 633 P.2d 897 (1981).

While jury instruction 10 clarifies plaintiffs' two theories

of liability, on this record we cannot hold such an instruction is necessary as a matter of law. It was clear throughout the trial that plaintiffs were advancing two alternative theories of liability. Jury instruction 6 lists the elements of the two causes of action separately and states that a defendant may be strictly liable if it supplies a product without an adequate warning. Jury instruction 6 does not state that a manufacturer, to be strictly liable, must fail to use reasonable care in warning a user; rather, it states a manufacturer only need fail to make an adequate warning. Jury instruction 6, therefore, does not interject negligence principles into the strict liability cause of action. *See Braxton,* at 228. Furthermore, plaintiffs' counsel was free to emphasize the distinction between the two theories during closing argument.

We agree with the Court of Appeals that, taken together, the jury instructions permitted plaintiffs fairly to state their case. While the addition of jury instruction 10 to the instructions would not have been a misstatement of the law, it was within the trial court's discretion to exclude it. The Court of Appeals is affirmed and the action against defendant Clark Equipment is remanded to the trial court for disposition consistent with this opinion.

UTTER, PEARSON, and GOODLOE, JJ., and CUNNINGHAM, HAMILTON, and WIELAND, JJ. Pro Tem., concur.

DORE, J. (concurring)—I find that the trial court's refusal to give plaintiff's proposed instruction 10 was prejudicial error; however, because the case is being remanded for retrial, I concur.

Each party to a lawsuit is entitled to have his theories of the case given to the jury if evidence to support them has been presented. *Egede–Nissen v. Crystal Mt., Inc.,* 93 Wn.2d 127, 606 P.2d 1214 (1980). Here, instructions given on products liability were 6, 12 and 13. None of these instructions informed the jury that defendants could be held liable under products liability law even though the

manufacturer was free of all negligence in the manufacture and sale of its product. Lack of such an instruction prevented plaintiff from making a meaningful distinction for the jury between negligence and products liability.

Instructions 7 and 8 explained to the jury that defendants could be liable in negligence if they fell below the standard of care of the ordinary prudent person. There was no instruction, however, which informed the jury that this standard should not be carried over to consideration of plaintiff's products liability claim. Plaintiff's proposed instruction 10 would have remedied this problem as it provided:

> You are instructed that a company that sells or supplies a product that is not reasonably safe in some manner for the user of said product, is subject to liability for harm thereby caused to the user. This law applies although the seller has exercised all possible care in the preparation and sale of the product.

Such an instruction, while not necessary where the jury is instructed only in products liability, becomes essential when both negligence and products liability theories are submitted to the jury. The reason being that the jury may become confused when both theories are presented:

> [I]nstructing on both theories under these circumstances has a great potential for confusion. For the court must inform the jury, on the one hand, that they may find liability under strict tort principles, even though the manufacturer exercised reasonable care and complied with the prevailing knowledge and standards of the time, while on the other hand, the negligence theory requires the jury to be instructed that the manufacturer has breached a duty to plaintiff only where it knew or reasonably should have known of the particular hazard involved and failed to furnish adequate warning thereof.

*Little v. PPG Indus., Inc.,* 19 Wn. App. 812, 821, 579 P.2d 940 (1978), *aff'd as modified,* 92 Wn.2d 118, 594 P.2d 911 (1979).

Without proposed instruction 10 the jury was incompletely instructed as to the necessity of a warning for the

use of the Bobcat. A manufacturer has a duty to warn of dangers necessarily involved in the use of its product. *See, e.g., Terhune v. A.H. Robins Co.,* 90 Wn.2d 9, 577 P.2d 975 (1978); *Teagle v. Fischer & Porter Co.,* 89 Wn.2d 149, 570 P.2d 438 (1977). Here, the decedent was not given the instruction manual or oral instructions concerning the danger involved in raising the lift arms more than chest high. The only warnings printed on the Bobcat were (1) "CARRY LOAD LOW", (2) "FASTEN SEATBELT BEFORE OPERATING", and (3) "DO NOT LEAVE LOADER WITH ENGINE RUNNING OR LIFT ARMS RAISED." An important question for the jury was whether these warnings were adequate. *See Haysom v. Coleman Lantern Co.,* 89 Wn.2d 474, 573 P.2d 785, 93 A.L.R.3d 86 (1978). Instruction 13 alone, in my view, did not make that clear to the jury. Instruction 13 stated that

A manufacturer, distributor and renter has a duty to warn of any condition which renders a product not reasonably safe for a foreseeable use. There is, however, no duty to warn of obvious or known dangers.

Where a warning is required, it must be adequate so that if followed, the product would be reasonably safe for use. The warning must be appropriate in view of the seriousness of any danger involved to reasonably advise of the consequences of improper use. Such a warning must be in a form which reasonably could be expected to catch the attention of, and to be understood by the ordinary user.

This instruction, without being supplemented by plaintiff's proposed instruction 10, is misleading because the jury is not told that the use of the Bobcat is unsafe without an adequate warning. Plaintiff's proposed instruction 10 would have clarified this confusing instruction. On retrial the trial court should instruct the jury on the substance of proposed instruction 10, to explain the differences between

liability based on negligence as distinguished from products liability.

BRACHTENBACH, J., concurs with DORE, J.