[No. 16394-2-II.   Division Two.   November 10, 1994.]

SAFEWAY, INC., *Respondent*, v. LINDA F. MARTIN, *Appellant*.

*Richard E. Weiss* and *Small Snell & Weiss, P.S.*, for appellant.

*Gretchen Fanning Baumgardner* and *Perkins Coie*, for respondent.

SEINFELD, J. — After a jury rejected her claim for workers' compensation benefits, Linda Martin moved for a new trial claiming that the trial court erroneously instructed the jury. The trial court denied the motion. Martin appeals, again arguing instructional error. We affirm.

## FACTS

Linda Martin suffers from carpal tunnel syndrome. This condition developed over the course of Martin's 25-year career as a meatwrapper. Martin worked for Safeway Stores, Inc. (Safeway) from October 1983 until October 1987.

In June 1988, Martin filed a claim for workers' compensation benefits with the Department of Labor and Industries (L&I). She contended that she suffered a worsening of the condition as a result of her Safeway employment. L&I rejected Martin's claim.

Martin appealed to the Board of Industrial Insurance Appeals (Board). The Board reversed L&I and found that Martin's condition had worsened as a result of her employment at Safeway. Safeway appealed to the Superior Court.

At trial, Martin proposed a jury instruction describing the "last injurious exposure rule". The instruction stated:

> The last injurious exposure rule applies to determine liability among successive employers in occupational disease cases. Under the rule, the employer at risk during the most recent exposure that bears a causal relationship to the condition is solely liable for the condition.

Safeway opposed the instruction, arguing that the only issue was whether Martin's condition worsened as a result of her employment at Safeway. Financial responsibility was not at issue. The trial court declined to give the instruction.

At Safeway's request, the trial court gave the following instruction, regarding the sufficiency of medical testimony:

> Medical testimony must establish the proximate cause relationship between an industrial disease and a claimed condition or disability. Such testimony must be in terms of "probability." In other words, medical testimony in terms of "possibility" is not sufficient.

> Medical testimony that an incident "could" cause, "can" cause, "may have" caused or "probably could" cause such a permanent disability is not sufficient because these terms indicate a possibility rather than a probability.

A 6-person jury reversed the Board. The jury specifically found that the Board was incorrect in finding that Martin

suffered a worsening of her carpal tunnel syndrome as a result of her employment at Safeway.

In her motion for a new trial, Martin claimed that the trial court erred in denying her proposed last injurious exposure instruction and in giving the sufficiency of medical testimony instruction. On appeal, Martin presents the same instructional error claims as she did below.

### THE LAST INJURIOUS EXPOSURE INSTRUCTION

An appellate court will not reverse a trial court's denial of a motion for a new trial absent a showing of abuse of discretion. *Tarabochia v. Johnson Line, Inc.*, 73 Wn.2d 751, 757, 440 P.2d 187 (1968). The decision to give or deny a requested instruction is a matter within the discretion of the trial court. *Seattle W. Indus., Inc. v. David A. Mowat Co.*, 110 Wn.2d 1, 9, 750 P.2d 245 (1988). If the trial court's instructions were sufficient to permit a party to argue its case, were not misleading, and properly informed the jury of the applicable law, the trial court did not abuse its discretion in denying a request for an additional instruction. *Seattle Western*, 110 Wn.2d at 9; *Bulzomi v. Department of Labor & Indus.*, 72 Wn. App. 522, 526, 864 P.2d 996 (1994).

To apply these principles, we look at the language and interpretation of the proposed instruction. There are two potential purposes for the last injurious exposure rule: (1) it can define the entity responsible for compensating an injured employee whose injuries were caused or aggravated by more than one employment ("the assignment of responsibility problem"); and (2) it can aid an employee in proving that a specific exposure contributed to the development of her occupational disease (the "proof problem"). *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 134-35 & n.8, 814 P.2d 629 (1991). We will discuss each in turn.

The first use of the last injurious exposure rule resolves the question of liability when an employee's injury or industrial disease was caused or aggravated while working for multiple employers. It assigns total responsibility for the employee's injuries or illness to the last such employer.

*Weyerhaeuser*, at 136. Thus, if Martin's duties at Safeway aggravated her carpal tunnel syndrome, the rule would make Safeway totally responsible even though Martin worked for Safeway for only the last 4 years of her 25-year career as a meatwrapper.

■ This first use of the rule is not relevant in this case. There is no question here regarding the assignment of liability among successive employers. The sole issue before the jury, as stated in the jury instructions, was whether Martin's carpal tunnel syndrome worsened as a result of Martin's employment at Safeway. Thus, the instruction was not necessary for Martin to argue her theory of the case. *Tate v. Rommel*, 3 Wn. App. 933, 939, 478 P.2d 242 (1970) (court can refuse to give additional proposed instructions when theory already adequately covered by existing instructions), *review denied*, 78 Wn.2d 997 (1971).

Martin also argues for the second application of the last injurious exposure rule. Citing *Weyerhaeuser*, she contends that Safeway is liable even if she is unable to show that her work there aggravated her carpal tunnel syndrome. She argues that it is sufficient that she was engaged at Safeway in the activity (meatwrapping) that had at some point in her career proximately caused her carpal tunnel syndrome. We do not read *Weyerhaeuser* as establishing this broad principle.

■ ■ After identifying two justifications for the last injurious exposure rule, the *Weyerhaeuser* court elaborated on the second justification, the "proof problem". *Weyerhaeuser*, at 135 n.8. However, it then stated, "With respect to Weyerhaeuser's argument, only the assignment of responsibility problem is at issue." *Weyerhaeuser*, at 135. The *Weyerhaeuser* court did not adopt the "proof problem" use for the rule. Nor are we aware of any court in this state that has allowed the use of the last injurious exposure rule to resolve the employee's proof problem. As the theory argued by Martin is not the law of this State, the trial court did not abuse its discretion in declining Martin's instruction.

### Sufficiency of the Medical Testimony Instruction

Martin argues that the trial court erred in instructing the jury on the sufficiency of the medical evidence. She contends that because none of the experts testified in any terms other than those of probability, the instruction injected an additional issue into the trial.

The Washington Supreme Court has addressed an instruction similar to the one here. *See Young v. Group Health Coop. of Puget Sound*, 85 Wn.2d 332, 340, 534 P.2d 1349 (1975). It considered whether the instruction (1) raised a detrimental inference as to the quality of the evidence, (2) required a party to meet an additional burden of proof, or (3) unduly emphasized the proximate cause element of a case. *See Young*, at 340 (addressing the above arguments). Martin's argument is merely a variation on the arguments addressed in *Young*.

The *Young* court found the arguments against the instruction to be without merit because proximate cause was a central issue in the case. *Young*, at 340. Expert witnesses had testified for both sides and disagreed as to the cause of the plaintiff's injuries. *Young*, at 340. The court concluded as follows:

> Under these circumstances, it is proper to give a special instruction on proximate cause which informs the jury that the causal relationship must be established by evidence which rises above speculation, conjecture, or mere possibility.

*Young*, at 340. *See also Ford v. Chaplin*, 61 Wn. App. 896, 900-01, 812 P.2d 532, *review denied*, 117 Wn.2d 1026 (1991); *Richards v. Overlake Hosp. Med. Ctr.*, 59 Wn. App. 266, 278, 796 P.2d 737 (1990), *review denied*, 116 Wn.2d 1014 (1991); *Bryant v. Department of Labor & Indus.*, 23 Wn. App. 509, 514, 596 P.2d 291 (1979) (approving similar instructions based on *Young*).

Proximate cause was a central issue in this case. The trial court so instructed the jury. It also provided the jury with a verdict form that asked the jury to decide whether the Board was correct in finding that "Martin suffered a worsening of

her carpal tunnel syndrome that arose naturally and proximately out of her employment at Safeway".

Additionally, "whether more specific or clarifying instructions are necessary to guard against misleading the jury" is a matter within the discretion of the trial court. *Gammon v. Clark Equip. Co.*, 104 Wn.2d 613, 617, 707 P.2d 685 (1985). The trial court did not err in instructing the jury on the sufficiency of the medical evidence.

We affirm.

MORGAN, C.J., and ALEXANDER, J., concur.