[No. 36195-3-I. Division One. December 23, 1996.]

MICHAEL LEE DORR, ET AL., *Respondents*, v. BIG CREEK WOOD PRODUCTS, INC., *Appellant*.

---

[18]*Industrial Indem. Co. v. Kallevig*, 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990).

422

*Alan B. Hughes* and *Alan B. Hughes, P.S.*, for appellant.
*Stephen K. Harpold* and *Stephen K. Harpold, P.S.*, for respondents.

BECKER, J. — In this appeal of a judgment for injuries sustained at an active logging site by a licensee, the defendant claims the trial court should have instructed the jury on implied primary assumption of the risk. Notwithstanding the adoption of comparative negligence, implied primary assumption of risk by a plaintiff remains as a defense distinct from contributory negligence. But there must be implied consent by the plaintiff to excuse the defendant from a particular duty owed, the breach of which caused the injuries. In view of the lack of such consent here, we affirm.

The plaintiff, Michael Dorr, is an experienced logger. The defendant, Big Creek Wood Products, Inc., is John Knecht's one-person logging company. Michael Dorr and John Knecht are friends. One Saturday during the autumn of 1992, Dorr went to visit Knecht at a remote logging site where Knecht was working alone. As Dorr was hiking in through the woods, he could see a tree falling.

Both men were aware that an active logging site includes the risk of "widow-makers," i.e., large limbs from the falling tree that become caught in a standing tree and later fall with little warning. Dorr testified that as he approached the site he specifically looked for widow-makers but could see none.

When Dorr got to Knecht's location, he stopped at the stump of the tree that had just fallen. Knecht had already begun "bucking" the tree into log sections with his chain saw. Dorr testified that Knecht waved him forward. While Knecht continued cutting, Dorr came toward Knecht by walking down the length of the tree trunk. When he was about 20 feet from the stump, tree limbs fell on Dorr and injured him seriously.

Dorr sued Big Creek for the negligence of Knecht. At

trial, the court instructed the jury on the liability of a possessor of land for injury to licensee. The court also gave standard instructions on negligence and contributory negligence. These instructions are not in dispute on appeal. The jury found total damages to be $273,357 and attributed 41.5 percent to Dorr's negligence and 58.5 percent to Big Creek's negligence.

Big Creek proposed that the trial court also instruct the jury on implied primary assumption of the risk, a defense that operates as a complete bar to recovery. The proposed instruction was from the Washington Pattern Jury Instructions, WPI 13.03:

> It is a defense to an action for personal injury that the plaintiff impliedly assumed a specific risk of harm.
>
> A person impliedly assumes the risk of harm, if that person knows of the specific risk associated with a course of conduct, understands its nature, and voluntarily chooses to accept the risk by engaging in that conduct.
>
> A person's acceptance of a risk is not voluntary if that person is left with no reasonable alternative course of conduct to avoid the harm because of the defendant's negligence.[1]

To accompany the above instruction, Big Creek also proposed a modified burden of proof instruction:

> To establish the defense that the plaintiff impliedly assumed a specific risk of harm, the defendant has the burden of proving each of the following propositions:
>
> First, that the plaintiff had knowledge of the specific risk associated with the logging activity.
>
> Second, that the plaintiffs understood the nature of this risk; and

---

[1]Defendant's Proposed Instruction 15; WPI 13.03; *see Kirk v. Washington State Univ.*, 109 Wn.2d 448, 453, 746 P.2d 285 (1987).

Third, that the plaintiff voluntarily chose to accept the risk by walking into the area of the logging activity.[2]

Big Creek excepted to the court's refusal to give these instructions, and now assigns error to that refusal.

 This court reviews alleged instructional error for abuse of discretion.[3] Big Creek was entitled to have its theory of the case presented to the jury if evidence to support that theory was presented.[4] Denying a request for an additional instruction was not an abuse of discretion if the court's instructions (1) were sufficient to permit Big Creek to argue its case, (2) were not misleading, and (3) properly informed the jury of the applicable law.[5]

The defense of implied primary assumption of the risk remains viable in Washington as a complete bar to a plaintiff's recovery, even after the adoption of comparative negligence.[6] In that respect it is distinct from contributory negligence, which merely reduces a plaintiff's damages.

This is because assumption of risk in this form is really a principle of no duty, or no negligence, and so denies the existence of any underlying cause of action. Without a breach of duty by the defendant, there is thus logically nothing to compare with any misconduct of the plaintiff.[7]

Trial courts are rightfully wary of requests to instruct the jury on implied primary assumption of the risk. That doctrine, if not boxed in and carefully watched, has an expansive tendency to reintroduce the complete bar to

[2]Defendant's Proposed Instruction 16; *see* WPI 21.12.

[3]*Safeway, Inc. v. Martin*, 76 Wn. App. 329, 332, 885 P.2d 842 (1994).

[4]*Gammon v. Clark Equip.*, 104 Wn.2d 613, 618, 707 P.2d 685 (1985).

[5]*Safeway*, 76 Wn. App. at 332.

[6]*Scott v. Pacific W. Mountain Resort*, 119 Wn.2d 484, 495-99, 834 P.2d 6 (1992).

[7]W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 68, at 496-97 (5th ed. 1984).

recovery into territory now staked out by statute as the domain of comparative negligence. In most situations, a plaintiff who has voluntarily encountered a known specific risk has, at worst, merely failed to use ordinary care for his or her own safety, and an instruction on contributory negligence is all that is necessary and appropriate. But implied primary assumption of the risk does occupy its own narrow niche.

The trial court refused Big Creek's proposed instructions upon concluding that a court may not give a separate instruction on assumption of the risk where there is a triable issue of the defendant's negligence.

> I have come around to [Dorr's] position on the issue of assumption of the risk. Having gone through the cases, I believe that the total bar does not apply when you have, arguably, negligence on the part of the defendant. I believe, then, it throws us into the comparative negligence analysis as the Supreme Court has indicated.

This reasoning is incorrect. Where appropriate, a separate instruction may be given to allow the defendant to argue in the alternative. Either the plaintiff relieved the defendant of the applicable duty, and there is a total bar to recovery; or the defendant owed the duty, and comparative negligence principles apply if there was a breach by the defendant causing damage.

When we reject a trial court's reasoning, we may still affirm a decision that is correct on any other basis established by the pleadings and proof.[8] For reasons we discuss below, the trial court was right not to instruct separately on assumption of the risk in the present case.

An instruction on implied primary assumption of the risk is appropriate "where a plaintiff has impliedly consented (often in advance of any negligence by defendant) to relieve defendant of a duty to plaintiff" regarding

---

[8]*LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

specific known and appreciated risks.[9] The element of consent, which this defense shares with express assumption of the risk, "operates as a principle of no duty 'hence no breach and no underlying cause of action.' "[10] Those who choose to participate in sports or other amusements likely to cause harm to the participant, for example, impliedly consent in advance to excuse the defendant from any duty to protect the participant from being injured by the risks inherent in such activity.[11]

■ The Supreme Court observed in *Scott v. Pacific West Mountain Resort* that the doctrine of implied primary assumption of the risk "can perhaps more accurately be described as a way to define a defendant's duty."[12] In other words, the plaintiff's assumption of the risk, in its primary sense, " 'is only the counterpart of the defendant's lack of duty to protect the plaintiff from that risk.' "[13] The Supreme Court emphasized that in determining what risks a plaintiff may be found to have assumed, it is "essential" first to define what duties the defendant owed.[14]

■ In defining the duty that Big Creek owed to Dorr as a licensee, it is at once apparent that its duty of reasonable care for Dorr's safety arose only if Knecht's activities created a risk that Dorr did not know of and could not be expected to discover:

> A possessor of land is subject to liability to his licensees for physical harm caused to them by his failure to carry on his activities with reasonable care for their safety if, but only if,

---

[9]*Scott*, 119 Wn.2d at 497.

[10]*Leyendecker v. Cousins*, 53 Wn. App. 769, 773, 770 P.2d 675 (quoting *Codd v. Stevens Pass, Inc.*, 45 Wn. App. 393, 402, 725 P.2d 1008 (1986), *review denied*, 107 Wn.2d 1020 (1987)), *review denied*, 113 Wn.2d 1018 (1989).

[11]*See Scott*, 119 Wn.2d at 498-99, *Leyendecker*, 53 Wn. App. at 773-74.

[12]*Scott*, 119 Wn.2d at 498.

[13]*Scott*, 119 Wn.2d at 498, n.30 (quoting 4 Fowler V. HARPER, ET AL., TORTS § 21.0, at 188-89 (2d ed. 1986)).

[14]*Scott*, 119 Wn.2d at 500.

(a) he should expect that they will not discover or realize the danger, and

(b) they do not know or have reason to know of the possessor's activities and of the risk involved.[15]

A comment to the RESTATEMENT (SECOND) OF TORTS explains that a licensee like Dorr who enters the land with knowledge of the activities conducted on the land may not expect the possessor to alter his way of working in order to make the land safe for the licensee:

> *a. Assumption of risk by licensee.* The licensee is not entitled to enter the land of another except in so far as he is privileged to do so by the possessor's consent. Therefore, the mere fact that the possessor has consented to his entry gives him no right to expect that the possessor will change the method in which he conducts his activity so as to secure the licensee's safety. If he knows of the nature of the activities conducted upon the land and the manner in which they are conducted, he has all that he is entitled to expect, that is, an opportunity for an intelligent choice as to whether or not the advantage to be gained by coming on the land is sufficient to justify him in incurring the risks involved.[16]

As a mere licensee, therefore, Dorr necessarily assumed the risks of Knecht's logging activities to the extent Dorr was, or should have been, aware of them; these were risks from which Big Creek had no duty to protect him.[17] It was undisputed that the danger of "widow-makers" is an ever-present hazard where trees are being felled, and that both men knew it. Additionally, because Dorr had just seen the tree falling, he knew the danger of being hit by a widow-

---

[15]Instruction 10; *accord* RESTATEMENT (SECOND) OF TORTS, § 341 (1965).

[16]RESTATEMENT (SECOND) OF TORTS, § 341, cmt. a, 207-08; *see also Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 134, 875 P.2d 621 (1994) (a licensee's full understanding that a natural condition is dangerous is a complete bar to liability in the related area of premises liability for dangerous conditions known to the possessor; applying RESTATEMENT (SECOND) OF TORTS §§ 341(b), 342(c)).

[17]*See Scott*, 119 Wn.2d at 498 n.30 (quoting 4 HARPER, *supra* at 188-89).

maker was acutely present in the situation that he was about to enter. If Dorr's claim was that Big Creek owed him a duty to keep the logging site clear of widow-makers, or to warn him of their presence, Instruction 10 would have allowed the jury to reject that claim under the facts presented without any additional instruction on assumption of the risk.

But Dorr did not base his claim of negligence on the presence of the ordinary hazard of widow-makers. Dorr claimed in part that Knecht negligently directed him into the hazard.[18] The specific duty at issue in that claim was a duty to avoid giving misleading directions.

Dorr testified that he walked out on the log only after Knecht gave him a hand signal indicating that it was safe: "He looked up at me and smiled at me and waved me down the stump;" "He directed me down the log." Dorr testified that he was accustomed to rely upon Knecht's hand signals in the woods. Knecht in his own testimony admitted that he knew the limbs from the fallen tree had broken off and were hung up in the branches above Dorr.

The testimony that supported Dorr's claim of negligence was not undisputed. Knecht testified that he was thoroughly engaged with his bucking cut when he glanced up and briefly saw Dorr standing at the stump. Dorr had not moved toward him and Knecht said he did not anticipate that Dorr would leave the safe area behind the stump and walk toward him. He did not recall waving Dorr forward: "And I really don't recall if I waved Mick Dorr to me or not. I don't remember doing it. I don't remember not doing it."

---

[18]Instruction 5, setting forth the claims of the parties, provided in part:

"The plaintiff claims that the defendant was negligent in one or more of the following respects:

"(1) Acknowledging plaintiff's presence at a timber cutting site and signaling plaintiff to approach knowing that limbs which had just felled were hung up in an adjacent tree above plaintiff's anticipated path of travel; and

"(2) Failing to warn plaintiff of the hazard of the hung-up limbs after defendant became aware of such hazard."

■ If the jury believed Knecht did nothing to encourage Dorr to leave the safe area, Instruction 10 permitted them to conclude that no duty ever arose. But if the jury believed Knecht waved to Dorr to come forward, Instruction 10 permitted them to consider the limited duty owed by a possessor of land to a licensee. Applying Instruction 10 to the testimony, the jury could conclude that Knecht should not have expected Dorr to realize the hand signal put him in danger; and that Dorr in fact did not know, or have reason to know, that the signal was dangerously misleading. They could conclude that the duty to avoid giving misleading directions was within the limited duty Knecht owed to his licensee, and that Knecht breached it by indicating to Dorr the way was clear when in fact a widow-maker hung poised over his path.

Having defined the relevant duty owed by Big Creek as a limited duty to avoid giving misleading and unsafe directions, we now consider whether the jury could have found that Dorr impliedly consented to relieve Big Creek of that duty. Just as the skier in *Scott* did not assume the risk of operator negligence that creates a hidden hazard, there is no reason to believe Dorr assumed the risk that Knecht would give him a misleading signal. Nothing about Dorr's conduct manifested or implied his consent to release Big Creek from the duty to avoid misdirecting him. That duty therefore remained "as a potential basis for liability."[19]

■ Because there was no substantial evidence in the record to support a finding of Dorr's implied consent to release Knecht from the applicable duty, the trial court did not err in refusing Big Creek's proposed instructions on implied primary assumption of the risk. The instructions on negligence, contributory negligence, and the duty of a possessor of land adequately informed the jury of the applicable law.

Our holding does not address the particular wording of Big Creek's proposed instructions on implied primary as-

---

[19]*Scott*, 119 Wn.2d at 497.

sumption of the risk, as the wording was not at issue in this case and not necessary for decision. For future reference we point out an anomaly in the Washington Pattern Jury Instructions. The instructions on *express* assumption of risk explicitly include the element of consent to relieve the defendant of a duty owed.[20] "Implied primary assumption of risk also is based on consent, but without 'the additional ceremonial and evidentiary weight of an express agreement.' The elements of proof are the same for both."[21] Yet the analogous element of *implied* voluntary consent to relieve the defendant of a duty owed is not conveyed at all in the corresponding pattern instructions on *implied* primary assumption of the risk.[22] They are incomplete without reference to consent; whether express or implied, consent involves an issue of fact and should be submitted to the jury.

Big Creek has also assigned error to the trial court's failure to give its Proposed Instruction 28. The proposed instruction was offered to clarify Instruction 10 by explicitly stating that Dorr was the licensee and Big Creek the possessor of land. Because the record displays no confusion on this point, the proposed instruction was unnecessary.

Finally, Big Creek assigns error to the trial court's refusal to give its proposed instruction taken from WPI 12.06: "Every person has a duty to see what would be seen by a person exercising ordinary care." The WPI comment recommends using this instruction with caution. Indeed it may be reversible error to give it when it overemphasizes

---

[20] WPI 13.04; *see also* WPI 21.13 (jury must find the plaintiff "voluntarily consented to encounter the risk by agreeing in advance to relieve the defendant of the duty of care" owed to the plaintiff in relation to the risk).

[21] *Kirk v. Washington State Univ.*, 109 Wn.2d 448, 453, 746 P.2d 285 (1987) (quoting W. Page Keeton, et al., Prosser and Keeton on the Law of Torts § 68 p. 496 (5th ed. 1984)).

[22] WPI 13.03; 21.12.

one party's side of the case.[23] Big Creek wanted to argue, in connection with Instruction 10, that Dorr should have seen the widow-maker over his head. Dorr testified that he looked for widow-makers when he arrived but that other trees blocked his view of the one that fell on him. Giving the instruction would have overemphasized Big Creek's position on a disputed factual issue. Big Creek was able to argue its position under the other instructions.[24] Omitting the "duty to see" instruction was not error.

Dorr requests an award of attorney fees under RAP 18.9 for having to defend a frivolous appeal. The appeal was not frivolous.[25] We deny the request.

Affirmed.

BAKER, C.J., and COLEMAN, J., concur.

---

[23]*See, e.g., Hinkel v. Weyerhaeuser Co.,* 6 Wn. App. 548, 553, 494 P.2d 1008 (1972).

[24]*Young v. Carter,* 38 Wn. App. 147, 684 P.2d 784 (1984).

[25]*Millers Cas. Ins. Co. v. Briggs,* 100 Wn.2d 9, 15, 665 P.2d 887 (1983).