FILED
COURT OF APPEALS
DIVISION II

2013 AUG 13 AM 10: 29

STATE OF WASHINGTON

BY

DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| SHIRLEY BARRETT, individually, | No. 43024-0-II |
| Appellant, | |
| v. | |
| LOEW'S HOME CENTERS, INC., aka LOWE'S, a business entity; and JEFF aka JOHN MCDOWELL, individually,, | UNPUBLISHED OPINION |
| Respondents. | |

PENOYAR, J. — Shirley Barrett was injured by falling boxes while watching John McDowell, a Lowe's employee, unload the trailer she had delivered. She sued both Lowe's and McDowell for negligence. The trial court granted summary judgment in favor of Lowe's.[1] Barrett appeals, arguing that the trial court erred by concluding that implied primary assumption of risk applied to bar her recovery. Because Barrett did not assume the risk of McDowell's negligence in unloading the trailer, we reverse the trial court's summary judgment order and remand for further proceedings.

FACTS

Barrett, a long-haul truck driver, delivered a trailer to the Longview Lowe's on August 3, 2006. Her job did not include unloading the trailer, but she would sometimes open the trailer doors in the loading dock. When she attempted to open the trailer doors in the Lowe's loading dock, she noticed that the cargo had shifted and some boxes appeared to be pressed against the doors. Barrett asked Lowe's receiving manager, McDowell, for help. Barrett stood back as McDowell opened the trailer doors. They discovered that some large boxes near the doors were

_____

[1] For simplicity's sake, we refer to both defendants collectively as Lowe's.

held up by a nylon rope. McDowell proceeded to cut through the rope holding the boxes in place. Barrett expressed her concern at McDowell's actions, asking him, "Are you sure you want to do that?" Clerk's Papers at 93. She stated in her deposition that she thought the boxes would fall once McDowell cut through the rope.

While McDowell was attempting to cut the rope, Barrett noticed that the lock she used to secure her trailer was on the ground between her and the trailer. Without saying anything to McDowell or making eye contact, she walked forward and bent to retrieve the lock. At that moment, McDowell succeeded in cutting the rope, and the boxes held by the rope came sliding out of the trailer and hit Barrett, knocking her to the ground and injuring her. Barrett sued Lowe's for negligence. Lowe's moved for summary judgment, arguing that the assumption of risk doctrine barred her claim. The trial court agreed and granted Lowe's motion. Barrett filed a motion for reconsideration, which the trial court denied. Barrett appeals.

## ANALYSIS

Barrett argues that the trial court erred by granting Lowe's summary judgment motion and concluding that the assumption of risk doctrine applies in this case. Because there is no evidence that Barrett consented to relieve Lowe's of the duty of care owed her, we agree.

We review a summary judgment order de novo, engaging in the same inquiry as the trial court. *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to

judgment as a matter of law. CR 56(c); *Folsom*, 135 Wn.2d at 663. We construe the facts and reasonable inferences in favor of the nonmoving party. *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is appropriate if reasonable persons could reach only one conclusion from the evidence presented. *Korslund*, 156 Wn.2d at 177.

There are four varieties of assumption of risk in Washington: (1) express, (2) implied primary, (3) implied unreasonable, and (4) implied reasonable. *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 636, 244 P.3d 924 (2010). Express and implied primary assumption of risk apply when the plaintiff has consented to relieve the defendant of a duty regarding specific known risks. *Gregoire*, 170 Wn.2d at 636. Express assumption of risk exists if the plaintiff states that she consents to relieve the defendant of any duty owed. *Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 719, 965 P.2d 1112 (1998). Lowe's does not argue express assumption of risk applies here. Implied primary assumption of risk is shown by the plaintiff engaging in conduct that implies her consent. *Home*, 92 Wn. App. at 719. The defendant must establish that "'the plaintiff (1) had [knowledge] (2) of the presence and nature of the specific risk, and (3) voluntarily chose to encounter the risk.'" *Gregoire*, 170 Wn.2d at 636 (quoting *Kirk v. Wash. State Univ.*, 109 Wn.2d 448, 453, 746 P.2d 285 (1987)). Knowledge and voluntariness are questions of fact for the jury unless reasonable minds could not differ. *Home*, 92 Wn. App. at 720. Implied primary assumption of risk is a complete bar to a plaintiff's recovery. *Gregoire*, 170 Wn.2d at 636.

3

By contrast, implied unreasonable and reasonable assumption of risk are treated as forms of contributory negligence. *Kirk*, 109 Wn.2d at 454. They apportion a degree of fault to the plaintiff and reduce her damages. *Gregoire*, 170 Wn.2d at 636. They arise where the plaintiff knows about a risk created by the defendant's negligence but chooses to voluntarily encounter it. *Lascheid v. City of Kennewick*, 137 Wn. App. 633, 643, 154 P.3d 307 (2007). "In most situations, a plaintiff who has voluntarily encountered a known specific risk has, at worst, merely failed to use ordinary care for his or her own safety, and an instruction on contributory negligence is all that is necessary and appropriate." *Dorr v. Big Creek Wood Prods., Inc.*, 84 Wn. App. 420, 426, 927 P.2d 1148 (1996).

"The difficulty is to determine in which case the plaintiff's conduct is merely negligent and is covered by comparative fault rules and in which case it manifests a consent to accept the entire risk and is a complete bar to the claim." DAN B. DOBBS, THE LAW OF TORTS § 212, at 541 (2000). Washington courts have treated this issue as one of scope, examining whether the plaintiff impliedly consented to the risks inherent in participating in a particular activity. When the defendant's negligent acts increase the risks, then the plaintiff is not assumed to have consented to those additional risks. *See Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 503, 834 P.2d 6 (1992).

In order to determine what risks Barrett assumed, it is necessary to determine what duties Lowe's owed Barrett. *See Scott*, 119 Wn.2d at 500. The existence of a duty is a question of law. *Tallariti v. Kildare*, 63 Wn. App. 453, 456, 820 P.2d 952 (1991). Barrett argues that she was an invitee and thus owed a duty of reasonable care. A business invitee is a person who is invited to enter premises for a purpose connected with business dealings with the land's possessor. *Younce v. Ferguson*, 106 Wn.2d 658, 667, 724 P.2d 991 (1986) (quoting RESTATEMENT (SECOND) OF

4

TORTS § 332 (1965)). The possessor owes the invitee a duty of reasonable care. *Younce*, 106 Wn.2d at 667. Here, Barrett was on the premises to engage in business dealings with Lowe's. Therefore, she was an invitee and was owed a duty of reasonable care. Lowe's failed to establish that Barrett consented to relieve them of that duty.

In *Scott*, our Supreme Court held that implied primary assumption of risk did not bar an injured skier's recovery. 119 Wn.2d at 503. There, a 12-year-old was injured during ski school when he went off of the course and hit an abandoned tow-rope shack. *Scott*, 119 Wn.2d at 488. He sued the ski resort for negligence, and the resort argued that he was completely barred from recovery because he had assumed the risk. *Scott*, 119 Wn.2d at 488, 499. The court concluded that the skier had assumed the risks inherent in skiing, but he had not assumed the risk of negligent operation by the resort. *Scott*, 119 Wn.2d at 503. The court noted that the skier may have been negligent, but his negligence was a question of fact for the jury and did not operate as a complete bar to his recovery. *Scott*, 119 Wn.2d at 503.

Similarly, in *Kirk*, 109 Wn.2d at 454, the Supreme Court held that implied primary assumption of risk did not bar a cheerleader's recovery after she was injured during an unsupervised practice. Although she had assumed the risks inherent in cheerleading, she had not assumed the risks created by the school's negligence in failing to supervise the practice and provide adequate practice facilities. *Kirk*, 109 Wn.2d at 454-55.

In this case, Barrett did not assume the risks created by McDowell negligently unloading the trailer. Arguably, falling freight is an inherent risk of unloading a trailer. But, Barrett's job duties did not include unloading the trailer, and she was not helping to unload when she was injured by the boxes. Moreover, as the *Scott* and *Kirk* cases demonstrate, the assumption of risk doctrine does not bar recovery for actions caused by the defendant's negligence. Here, there are

5

facts indicating that McDowell was acting negligently by cutting the rope holding the boxes in place. McDowell's alleged negligence was not an inherent risk of Barrett's job.

Additionally, none of Barrett's actions manifest an intent to relieve Lowe's of its duties. In *Leyendecker v. Cousins*, 53 Wn. App. 769, 775, 770 P.2d 675 (1989), the court determined that the application of primary implied assumption of risk was inappropriate where the plaintiff walked into a spinning helicopter rotor. Although the plaintiff saw the rotor, appreciated the risk it posed, and still voluntarily chose to walk near it, there was no evidence that the plaintiff consented to relieve the defendant of any duties before encountering the risk. *Leyendecker*, 53 Wn. App. at 775. The court reasoned that the plaintiff was not expecting to encounter the helicopter and the defendant did not know that the plaintiff would risk walking near it. *Leyendecker*, 53 Wn. App. at 775. Similarly, here, Barrett was not expecting to encounter this particular hazard. Her job did not include unloading the trailer, and her actions—backing up and asking McDowell if he was sure he wanted to cut the rope—indicate that his actions were unexpected. Additionally, the defendants did not know that she would risk walking near where McDowell was working—she was not involved in unloading the trailer and she did not warn McDowell that she had stepped closer.

Finally, this case is distinguishable from cases where primary assumption of risk has barred a plaintiff's recovery. For example, in *Wirtz v. Gillogly*, 152 Wn. App. 1, 3-4, 216 P.3d 416 (2009), the plaintiff was injured by a falling tree while helping the defendant clear trees from his property. The court granted the defendant's motion for summary judgment because the plaintiff had assumed the risk of injury. *Wirtz*, 152 Wn. App. at 7. He knew the tree could fall and injure him because he had observed and discussed the tree felling process and he had planned an escape route to avoid the falling tree. *Wirtz*, 152 Wn. App. at 10. Additionally, his

6

actions were voluntary because he could have refused to help at any point. *Wirtz*, 152 Wn. App. at 10-11.

*Wirtz* is distinguishable because the plaintiff was injured by a risk inherent in the activity he was engaged in and because he manifested consent to assume that risk. A tree falling and injuring a participant is a risk inherent in tree felling. But McDowell's negligence in unloading the trailer was not a risk inherent in Barrett's job. Further, the plaintiff in *Wirtz* manifested his consent to assume the risk: he voluntarily participated in the tree-felling process and did not argue that it was unsafe or attempt to remove himself from the situation. By contrast, Barrett did not manifest her consent to assume the risk of Lowe's negligence: she did not voluntarily participate in unloading the freight and she expressed concern at McDowell's actions and backed away from the trailer.

We hold that Barrett did not assume the risk of Lowe's and McDowell's negligence. Barrett may have been contributorily negligent when she stepped closer to the trailer, but this is a question of fact for the jury and should not bar her negligence claim entirely. Therefore, we reverse the trial court's summary judgment order and remand for further proceedings.

43024-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Pendyar, J.

We concur:

_____
Hunt, J.

_____
Bjorgen, J.

8