# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LORETTA K. WILLIAMS, | No. 55780-1-II |
| Appellant, | |
| v. | |
| SURFCREST CONDOMINIUMS OWNERS ASSOCIATION, a corporation doing business in Washington State, d/b/a SURFCREST CONDOMINIUMS, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Loretta K. Williams appeals the superior court's order granting summary judgment and dismissing her case against Surfcrest Condominiums (Surfcrest). Williams argues that the superior court erred by concluding that Surfcrest did not owe a duty of care to Williams and by concluding that Williams assumed the risks of the spiral staircase under the implied primary assumption of risk doctrine.

We hold that the superior court erred by concluding that Surfcrest did not owe a duty of care to Williams and by concluding that Williams assumed the risks of the spiral staircase under the implied primary assumption of risk doctrine. Accordingly, we reverse the superior court's order granting summary judgment and dismissing Williams' case and remand for further proceedings consistent with this opinion.

FACTS

A.    INCIDENT AT SURFCREST CONDOMINIUMS

Williams booked a one week stay at Surfcrest Condominiums. The unit that Williams booked had two floors separated by a spiral staircase. The bedrooms were upstairs, while the lower level had an entrance, kitchenette, bathroom, and great room. Williams knew the unit included a spiral staircase when she booked her stay.

Williams and three of her friends arrived on Friday, and the whole group stayed for the weekend. Williams and two of her friends slept upstairs, while the other person slept downstairs on a hide-a-bed.

Williams stayed through the following week after her friends left. Williams slept downstairs after her friends left, but she left her clothes upstairs. From the time Williams arrived until the time of the incident, Williams estimated that she used the staircase at least ten times.

On Wednesday morning, Williams went upstairs to change clothes. As she walked back downstairs on the spiral staircase, Williams believed she was stepping onto the floor when she was actually stepping onto the last stair step. She did not hit the stair step squarely, and her foot slipped. Williams lost her balance, fell backward, and sustained significant injuries from the fall.

Williams did not have any trouble with the staircase before her fall. However, she did discuss the stairs with her friends because the concrete treads on the staircase made the surface uncomfortable on their feet, requiring them to wear shoes.

B.    LAWSUIT AND DEPOSITIONS

Williams sued Surfcrest for negligence.  During discovery, several witnesses were deposed and testified as follows.

Surfcrest's general manager testified that Surfcrest had 55 units, and all of them had spiral staircases.  Five years before Williams' incident, a guest had slipped approximately three steps from the bottom of one of the spiral staircases.  Surfcrest's manager did not recall receiving complaints about anyone missing the last step of the staircase during his four years as manager.  He also did not recall any complaints about stumbling or falling due to the changing stair widths.  He had, however, experienced individuals saying they cannot use the stairs.  Those individuals would use the downstairs sofa sleeper instead of sleeping upstairs.

Williams retained a forensic human factors expert, Gary Sloan, PhD, who testified that, in his opinion, the cause of Williams' fall "was a violation of expectancy in a stairway that had several risk factors associated with it."  Clerk's Papers (CP) at 182.  Dr. Sloan also testified that spiral staircases "have a number of serious risk factors associated with them that increase the likelihood of an incident, a fall, over [standard staircases]," and that these risk factors are not obvious to users.  CP at 169.  In his opinion, the specific staircase that Williams fell on did not meet code.  According to Dr. Sloan, the staircase had an extra bottom step that caused those going down the stairs to exit the staircase at a 25 degree angle instead of directly facing the opposite walls of the room, which violates user expectations and increases the risk of accidents and missteps.  And there was insufficient color contrast between the bottom step and the carpet, which makes it difficult for

users to know that they are at the bottom of the staircase. Also, the steps were not as wide as an ideal spiral staircase should be.

Williams testified that she uses more caution on spiral staircases because "they're different than regular steps." CP at 34. However, Williams said she did not believe spiral staircases were more hazardous than regular stairs. Williams also testified she had previously used other spiral staircases and did not have difficulty with them. Williams also stated that she had twice previously fallen when using regular stairs.

C.    SUMMARY JUDGMENT

Surfcrest filed a motion for summary judgment, arguing that it did not have a duty of care to Williams because landowners do not have a duty to protect business invitees against open and obvious risks. Surfcrest also argued that Williams voluntarily assumed the risks of the spiral staircase because she knowingly and voluntarily used the staircase.

The superior court granted Surfcrest's motion for summary judgment. The superior court found that, because the spiral staircase posed an open and obvious danger, Surfcrest did not owe a duty of care to Williams and that Williams had assumed the risks of the staircase under the implied primary assumption of risk doctrine.

Williams appeals.

ANALYSIS

A.    STANDARD OF REVIEW

We review an order granting summary judgment de novo. *Wash. Fed., Nat'l Ass'n v. Azure Chelan LLC*, 195 Wn. App. 644, 652, 382 P.3d 20 (2016). Summary judgment is appropriate if

no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c). "'A material fact is one upon which the outcome of the litigation depends.'" *Wash. Fed.*, 195 Wn. App. at 652 (quoting *Dong Wan Kim v. O'Sullivan*, 133 Wn. App. 557, 559, 137 P.3d 61 (2006), *review denied*, 159 Wn.2d 1018 (2007)). In determining whether a genuine issue of material fact exists, we consider all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Crisostomo Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019). Summary judgment is proper if, given the evidence, reasonable persons could reach only one conclusion. *Walston v. Boeing Co.*, 181 Wn.2d 391, 395, 334 P.3d 519 (2014).

B.      DUTY—OPEN AND OBVIOUS DANGERS

Williams argues that the superior court erred by concluding that because the danger of falling on the spiral staircase was open and obvious, Surfcrest did not owe a duty of care to Williams. We agree.

Plaintiffs bringing a negligence claim must prove four elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Johnson v. Wash. State Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611, 486 P.3d 125 (2021). "The existence of a legal duty is generally a question of law." *Sjogren v. Props. of Pac. Nw., LLC*, 118 Wn. App. 144, 148, 75 P.3d 592 (2003). However, where that duty depends on proof of certain disputed facts, summary judgment is inappropriate. *Id*.

Generally, landlords have no duty to protect tenants and guests from dangers that are open and obvious. *Id*. at 148-49. However, even if a danger is open and obvious, a duty exists "if the

landlord 'should anticipate the harm despite such knowledge or obviousness.'" *Id*. at 149 (internal quotation marks omitted) (quoting *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 139, 875 P.2d 621 (1994)). For example, "[l]iability may manifest where the landowner has reason to expect the tenant will encounter the known or obvious danger because to a reasonable person in that position the advantages of doing so would outweigh the apparent risk." *Mucsi v. Graoch Assocs. Ltd. P'ship No. 12*, 144 Wn.2d 847, 860, 31 P.3d 684 (2001).

Here, the dangers of the spiral staircase were the angle of the bottom step, the color contrast between the bottom step and the carpet, and the width of the individual steps. Williams used the staircase at least ten times in the five days immediately preceding her fall. Because Williams had interacted with the staircase so frequently, the physical features of the staircase, including the last step angle, color contrast with the carpet, and step width, were open and obvious to Williams.

However, the spiral staircase was the sole route to the bedrooms upstairs. It is reasonable to expect that people booking overnight stays would want to access the bedrooms. Further, it is reasonable to expect visitors to use the entire space that they have rented and paid for. Here, the only means to access the entire unit is to use the spiral staircase. Thus, reasonable persons could disagree in deciding whether the advantages of using the spiral staircase outweighed its apparent risk. Therefore, a genuine issue of material fact exists as to whether Surfcrest had reason to expect Williams would encounter the spiral staircase because, to a reasonable person in her position, the advantages of doing so would outweigh the apparent risk posed by the open and obvious dangers

of the spiral staircase. Therefore, the superior court erred by concluding that because the danger of falling on the staircase was open and obvious Surfcrest did not owe a duty of care to Williams.[1]

C.      ASSUMPTION OF RISK

Williams argues that the superior court erred in concluding that Williams assumed the risk of using the spiral staircase under the implied primary assumption of risk doctrine. We agree.

1.      Legal Principles

Washington courts recognize four categories under the assumption of risk doctrine: "(1) express, (2) implied primary, (3) implied unreasonable, and (4) implied reasonable." *Gleason v. Cohen*, 192 Wn. App. 788, 794, 368 P.3d 531 (2016). Express and implied primary assumption of risk completely bar a plaintiff's recovery. *Id*. Implied unreasonable and implied reasonable assumption of risk merely reduce the plaintiff's recovery based on comparative fault. *Id*. at 795.

"To invoke assumption of risk, a defendant must show that the plaintiff knowingly and voluntarily chose to encounter the risk." *Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 720, 965 P.2d 1112 (1998). To knowingly encounter a risk, a plaintiff must actually and subjectively know all facts that a reasonable person in their shoes would want to know and consider. *Id*. To voluntarily encounter a risk, the plaintiff must choose to encounter the risk despite knowing of a reasonable alternative course of action. *Id*. at 721. "Knowledge and voluntariness are questions

---

[1] We note that the arguments in Williams' brief sound in latent defect. Under the common law, landlords are liable for harm to tenants caused by latent or hidden defects in the leasehold. *Martini v. Post*, 178 Wn. App. 153, 167, 313 P.3d 473 (2013). However, neither party raised latent defect in the superior court or on appeal. Accordingly, we do not address the issue of latent defect nor do we decide how it may relate to Surfcrest's duty. *See* RAP 9.12 ("On review of an order granting or denying a motion for summary judgment the appellate court will consider only evidence and issues called to the attention of the trial court.").

of fact for the jury unless reasonable minds could not differ." *Barrett v. Lowe's Home Ctrs., Inc.*, 179 Wn. App. 1, 5, 324 P.3d 688 (2013), *review denied*, 180 Wn.2d 1016 (2014).

   a.  Implied primary assumption of risk

Implied primary assumption of risk arises where a plaintiff impliedly consents, often in advance of any negligence of the defendant, to relieve the defendant of their duty to the plaintiff regarding specific known and appreciated risks. *Gleason*, 192 Wn. App. at 795-96. The plaintiff's consent to relieve the defendant of their duty is implied by the plaintiff's choice to engage in an activity involving those known risks. *Id.* at 796.

"Whether implied primary assumption of risk applies depends upon whether the plaintiff has been injured by an inherent risk of an activity." *Id.* at 797. Implied primary assumption of risk means the plaintiff has assumed "'the dangers that are *inherent in* and *necessary to*' a particular activity." *Id.* (quoting *Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 501, 834 P.2d 6 (1992)). "[I]mplied primary assumption of risk does not apply if the defendant engages in negligent acts that increase the inherent risks of an activity." *Id.* at 798. "And implied primary assumption of risk does not apply when the plaintiff has knowingly encountered an additional risk that the defendant has created." *Id.* at 800.

In assumption of risk situations, implied primary assumption of risk is the "exception rather than the rule" and "occupies a very 'narrow niche.'" *Id.* at 796 (quoting *Dorr v. Big Creek Wood Prods., Inc.*, 84 Wn. App. 420, 426, 927 P.2d 1148 (1996)). "'In most situations, a plaintiff who has voluntarily encountered a known specific risk has, at worst, merely failed to use ordinary care

for his or her own safety, and an instruction on contributory negligence is all that is necessary and appropriate.'" *Id*. at 796-97 (quoting *Dorr*, 84 Wn. App. at 426).

        b.      Implied unreasonable assumption of risk

"[I]mplied unreasonable assumption of risk 'involve[s] the plaintiff's voluntary choice to encounter a risk created by the defendant's negligence.'" *Id*. at 796 (quoting *Scott*, 119 Wn.2d at 497). Unlike implied primary assumption of risk, implied unreasonable assumption of risk does not involve the plaintiff consenting to relieve the defendant of their duty. *Id*. Implied unreasonable assumption of risk does not bar a plaintiff's recovery but merely reduces that recovery based on comparative fault. *Id*. at 795.

        2.     Analysis

Williams argues that she had no subjective understanding of the risk involved with the specific spiral staircase she encountered at Surfcrest. But Williams knew everything that a reasonable person in her shoes would want to know and consider. She had used the staircase at least ten times in the five days immediately preceding her fall. Because of her previous encounters with that staircase, she was familiar with the general construction of the staircase, including the placement and angle of the bottom step, the colors of the bottom step and the carpet, and the width of the steps. While Williams might not have been familiar with how much those features differ from other spiral staircases or the scientific explanations for why those features can be more difficult to navigate, reasonable people in Williams' shoes would generally not know such facts before using a staircase. Therefore, we are not persuaded by Williams' argument that she did not

subjectively know the risks of the spiral staircase. Williams knowingly encountered the risks of the staircase.

Williams next argues that the superior court "mistakenly confused implied primary assumption of risk and implied unreasonable assumption of risk." Br. of Appellant at 15. Here, the superior court concluded that Williams assumed the risks of the staircase under the implied primary assumption of risk doctrine, which bars Williams' recovery. *See Gleason*, 192 Wn. App. at 794. Williams contends that implied unreasonable assumption of risk applies instead, which would not bar her recovery. *See id*. at 795. Surfcrest argues that the superior court did not err because implied primary assumption of risk applies.

In arguing that implied primary assumption of risk applies, Surfcrest relies on *Jessee v. City Council of Dayton*, 173 Wn. App. 410, 293 P.3d 1290 (2013). In *Jessee*, the plaintiff fell on a staircase that did not comply with current building codes because the rise was too tall, the run was too small, and there was no handrail. 173 Wn. App. at 411. The plaintiff noticed that the steps were taller than normal stairs and had no handrail, and she made a comment that the stairs were not ADA compliant. *Id*. at 412. The plaintiff then used and fell on the stairs and injured herself on a nearby grate and some bolts protruding from the wall. *Id*. at 412-13. Division Three held that implied primary assumption of the risk applied because the plaintiff "had specific knowledge of the risks inherent in descending these cement stairs." *Id*. at 415-16.

However, in *Gleason*, this court respectfully disagreed with *Jessee* because the facts of *Jessee* demonstrated implied unreasonable assumption of risk, not implied primary assumption of risk. *Gleason*, 192 Wn. App. at 801. In discussing *Jessee*, *Gleason* stated that "falling and getting

injured is not an inherent risk of walking on stairs" but was instead "a risk of walking on *those* stairs" due to risks created by the defendants. *Gleason*, 192 Wn. App. at 801.

The same is true in this case. The spiral staircase in Surfcrest's unit posed risks in addition to the risks inherent in spiral staircases. Surfcrest's spiral staircase had an angled bottom step, insufficient color contrast between the bottom step and the carpet, and steps that were not as wide as an ideal spiral staircase would be. Thus, implied unreasonable assumption of risk applies.

Implied unreasonable assumption of risk is not a bar to recovery, so it is not a basis upon which summary judgment dismissal can be granted. *See id*. at 795. Also, viewing the evidence in the light most favorable to Williams, there is a question of material fact as to whether Williams made a voluntary choice to encounter the additional risks posed by the spiral staircase in Surfcrest's unit. *See id*. at 796. Accordingly, we reverse the superior court's order granting summary judgment and dismissing Williams' negligence claim against Surfcrest.

D.      ATTORNEY FEES ON APPEAL

Williams requests "any and all statutory costs and fees [s]he may be entitled to if determined to be the prevailing party" under RAP 18.1. Br. of Appellant at 15. We deny Williams' request for appellate attorney fees and costs.

RAP 18.1(a) states that "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses . . . the party must request the fees or expenses as provided in this rule." RAP 18.1(b) states that a party must devote a section of their opening brief to argument supporting the request for attorney fees. RAP 18.1(b) "requires more than a bald request for attorney fees on appeal." *Stiles v. Kearney*, 168 Wn. App. 250, 267, 277 P.3d 9, *review denied*, 175 Wn.2d 1016

No. 55780-1-II

(2012). Williams did not provide argument or citation to any applicable law that grants her the right to attorney fees or costs. Accordingly, we deny Williams' request for attorney fees and costs on appeal.

We reverse the superior court's order granting summary judgment and dismissing Williams' case and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, P.J.

Price, J.

12